Marvin BOYD *v.* STATE of Arkansas

CA CR 84-132                                      680 S.W.2d 911

Court of Appeals of Arkansas
Division II
Opinion delivered December 12, 1984

*Skillman & Durrett,* for appellant.

*Steve Clark,* Att'y Gen., by: *Theodore Holder,* Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. In this criminal case, the appellant was charged with possession of a controlled substance, marijuana, with intent to deliver. After a jury trial, the appellant was convicted and sentenced to four and one-half years in the Department of Correction, and a $2,500.00 fine. From that decision, comes this appeal.

The appellant raises three points of error for reversal: 1) the trial court's failure to grant his motion to suppress evidence seized pursuant to an allegedly defective search warrant; 2) the trial court's not sustaining the appellant's objection to the testimony of one of the arresting officers concerning a statement made by the appellant while in police custody; and 3) the trial court's failure to sustain the appellant's objection to the sheriff's opinion testimony as to whether the vegetable material seized in the search of the appellant's home was in fact marijuana. For the reasons below, we find no merit to the appellant's alleged points of error, and therefore, affirm.

The facts leading up to the appellant's arrest and subsequent conviction are as follows. On the afternoon of June 15, 1983, Officer Don Beck of the Poinsett County Sheriff's Department was approached by a confidential informant who disclosed to Officer Beck that he could purchase marijuana from the appellant at the appellant's residence. Officer Beck arranged with this individual to attempt to make a controlled buy in the evening of the next day, June 16. On June 16, 1983, at approximately 10:30 p.m., Officer Beck drove the informant to the appellant's residence. The informant was searched for drugs, and given $125.00 by Officer Beck to purchase the marijuana. The serial numbers on these bills had been recorded by the officer for later verification. Officer Beck observed the informant approach the appellant's residence, and approximately ten minutes later, the informant returned with approximately one ounce of marijuana. Officer Beck took the informant home, and notified Sheriff Bloodworth of the buy.

Officer Beck and Sheriff Bloodworth then met Municipal Judge Steve Inboden, of Trumann for the purpose of obtaining a search warrant for the appellant's residence. The police officers presented the judge with an affidavit to support the warrant.

The judge doubted the affidavit was sufficient to support the issuance of a warrant, so he took a tape recorded, sworn statement from Officer Beck of the evening's events, which the judge then found gave him probable cause to issue the warrant. It is unclear whether Officer Beck executed the affidavit under oath, and the appellant alleges he did not. The judge also authorized the officers to execute the warrant immediately because of the possibility that the contraband and marked bills could be removed if the search were to be delayed. The search of the appellant's home took place at 1:20 a.m. on the morning of June 17, 1983. Among the items seized were the marked bills which Officer Beck gave the informant to purchase the marijuana, and two and one-half pounds of marijuana. Officer Beck executed an inventory of the items seized pursuant to the search, but neglected to give a copy of his inventory to the appellant, as required by Arkansas Rules of Criminal Procedure, Rule 13.3(d), Ark. Stat. Ann., Vol. 4A(Repl. 1977). Also, the officer failed to return the warrant to the issuing magistrate, as required by Rule 13.4, *Id.*

First, we believe that based on the totality of the circumstances, the judge who issued the search warrant was presented with sufficient facts to support the issuance of the warrant. Although the appellant argues that the warrant would not withstand the two-pronged Aguilar-Spinelli test[1] which is incorporated into Rule 13(b) of the Arkansas Rules of Criminal Procedure, he concedes that since *Thompson* v. *State,* 280 Ark. 265, 658 S.W.2d 350 (1983), the test of whether the warrant will pass constitutional muster has changed. As stated in *Wolf* v. *State,* 10 Ark. App. 379, 664 S.W.2d 882 (1984), under the new test,

the magistrate issuing the warrant must make a

[1]See, *Aguilar* v. *Texas,* 378 U.S. 108 (1964); *Spinelli* v. *United States,* 393 U.S. 410 (1969).

> practical, common sense decision based on all the circumstances set forth in the affidavit. . . .'the duty of the reviewing court is simply to ensure that the magistrate has a substantial basis for concluding that probable cause existed' to issue the warrant.

In the case at bar, the issuing magistrate initially determined that more facts were needed to establish probable cause. Thus, he placed the officer under oath, and questioned him until he was satisfied that the officer had reliable facts upon which to base probable cause to issue the warrant. We believe that this is the type of common sense determination which the new test contemplates. We also note that this procedure is contemplated by Rule 13.1 of the Arkansas Rules of Criminal Procedure.

The appellant argues that the informant who participated in the controlled purchase had not been shown to be reliable, as he had not been used in the past. We believe the trial judge ruled correctly when he stated, in denying the appellant's motion to suppress, that the controlled purchase gave the informant, who disclosed to Officer Beck that he could purchase marijuana from the appellant, sufficient reliability to support his allegations. If the officer had attempted to obtain a warrant on the informant's bare assertion that he could purchase the marijuana, then the appellant's argument might be well taken. However, when the informant backed up this assertion with the controlled purchase, his reliability was then established, and the warrant was properly issued. In *Pridgeon* v. *State*, 262 Ark. 428, 559 S.W.2d 4 (1979), (reversed on other grounds), the court gave much weight to the fact that the informant had purchased contraband from the appellant the day before the search warrant was obtained. This, the court said, "indicated the reliability and credibility of the informant and, therefore, the existence of probable cause for the issuance of the search warrant."

The appellant also challenges the search on the grounds that the search warrant was executed at an unreasonable time. In obtaining the search warrant, the affiant, Officer Beck, stated that he "had intelligence. . .that there is

heavy traffic in and out of that residence at all hours of the night." The appellee argues that his knowledge, coupled with the necessity of recovering the marked bills as quickly as possible in order to preserve the evidence of the controlled buy, gave the officers reason to execute the warrant in the early morning hours. Rule 13.2 (c), Rules of Criminal Procedure, Ark. Stat. Ann., Vol. 4A (Repl. 1977), provides that search warrants shall be executed between the hours of six a.m. and eight p.m. Subdivision i, ii, and iii set out three exceptions to this rule, in which case the warrant may be executed any time day or night. These exceptions arise when, (1) the place to be searched is difficult of speedy access, (2) the items to be seized are in danger of imminent removal, and (3) the warrant can be successfully executed only at irregular and unpredictable intervals.

The affiant to the search warrant in question had witnessed the sale of marijuana from the appellant's residence prior to his securing the warrant, and feared that if he were not allowed to execute the warrant immediately, the contraband could be removed or the marked bills which were evidence of the earlier sale could also be removed. Under these circumstances we feel there existed the type of exigent circumstances contemplated by the second section of Rule 13.2(c). Also, we feel that the officer securing the warrant gave the issuing judge sufficient basis to authorize the nighttime search when he revealed his knowledge of the activities occurring at the appellant's residence throughout the night. Although the appellant alleges that the affiant's statement is conclusory in nature, we believe that in light of *Harris* v. *State,* 262 Ark. 506, 558 S.W.2d 143 (1977), such a statement will suffice.

Next, the appellant argues that the trial court erred in failing to grant his motion to suppress because the officer who executed the warrant failed to provide the appellant with a receipt of those items seized at the time of the search pursuant to Rule 13.3(d). We cannot agree with the appellant that this failure to comply with the strict requirements of this rule caused the appellant to be prejudiced. In *Harris* v. *State,* 264 Ark. 391, 572 S.W.2d 389 (1978), the court held that because the items seized were so

numerous and taken from different houses, it was critical to show which items belonged to the defendant. Here, the possibility of confusion is virtually non-existent. The appellant makes no allegation that the officers produced evidence allegedly seized in the search of his residence which were actually not his. The appellant has not demonstrated prejudicial error which would require reversal.

Also, the appellant argues that the officer's failure to return the search warrant to the court from which it was issued within five days should result in reversal. Again we find no prejudice.

Another point for reversal raised by the appellant is that the trial court erred in refusing to suppress the appellant's statement concerning ownership of the seized marijuana. After Officer Beck read the appellant his Miranda warnings, and after the appellant had indicated that he understood his rights, the appellant asked the officer why his wife was being detained. When he was told that she was also a suspect in the illegal activity, the appellant made a damaging statement which indicated guilt.

First, we note that the appellant never requested a Denno hearing at which time the voluntariness of the statement would have been explored, and the appellant declined such a hearing when the trial court suggested one. The appellant properly argues that the burden of proving voluntariness is upon the appellee. The State proffered the testimony of Officer Beck who stated the appellant made statements after being advised of his rights and declaring that he understood them. We believe this satisfied the State's burden. The appellant failed to show any evidence of involuntariness, and therefore we believe the statement was properly shown to have been voluntary. Also, we feel that the statement could be characterized as spontaneous, as in *Hale v. State*, 252 Ark. 1040, 483 S.W.2d 228 (1972).

Finally, the appellant argues that the trial court erred in allowing Sheriff Bloodworth to testify that, in his opinion, the substance obtained from the appellant's residence was marijuana. We disagree. The sheriff testified as to his prior

law enforcement experience, that he had received special training in the visual identification of marijuana, and that he had actually seen marijuana hundreds of times. Such testimony was admissible. See, *Milburn* v. *State,* 262 Ark. 267, 555 S.W.2d 946 (1977); *Euton* v. *State,* 270 Ark. 121, 603 S.W.2d 468 (Ark. App. 1980).

Affirmed.

GLAZE and MAYFIELD, JJ., agree.