William Ray SOSSAMON *v.* STATE of Arkansas

CA CR 89-98                                    789 S.W.2d 738

Court of Appeals of Arkansas
Division I
Opinion delivered May 30, 1990

*Condit, Peek & Young*, by: *Bruce A. Condit*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Denhammcclendon*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. This is an appeal by William Ray Sossamon who was convicted of possession of marijuana and sentenced to six years in the Arkansas Department of Correction.

On March 20, 1987, at approximately 8:30 p.m., Deputy Sheriff Allen Jordan obtained a warrant to search all the "buildings, structures, or vehicles" situated on certain described property. The affidavit for warrant was based on previously conducted surveillance and a tip from a confidential informant who told Jordan that the informant had seen marijuana and "crystal" at appellant's residence on the property "within the past four hours." There is evidence that the warrant was executed immediately; that the appellant was not at home but his girl

friend was there; and that she told the officers that appellant had taken her car and gone to Oklahoma to pick up a supply of marijuana. In the search, officers found scales, marijuana seeds, marijuana pipes and other drug paraphernalia, but no crystal. They waited at the house for the appellant to return and when he did, they searched the car he was driving. In the back seat, covered with a blanket, they found a bag containing marijuana. Appellant filed a motion to suppress this evidence, but the motion was denied. Several arguments are advanced urging that the court erred. We will discuss each argument presented.

█ Appellant first complains that at the suppression hearing the prosecution was allowed to introduce copies of the search warrant and affidavit because the originals had disappeared. Appellant says this violated the "best evidence" rule and the copies should not have been admitted because it was not shown what had happened to the originals and because there was a question as to the authenticity of the copies. He contends the affidavit for the search warrant appears to have been signed on March 22 but the warrant was issued and served on March 20.

Ark. R. Evid. 1002 provides:

Requirement of original. — To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute.

Ark. R. Evid. 1003 provides:

Admissibility of duplicates. — A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity or continuing effectiveness of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.

We cannot agree with appellant that there was a genuine question about the authenticity of the copies of the affidavit and warrant. An examination of the copy of the warrant in the record clearly shows that it was signed by the circuit judge on March 20, 1987. Deputy Sheriff Jordan testified that he obtained the warrant on March 20, 1987, and made the search the same day. The date of the affidavit is not as clear as the date of the warrant; however, it is

either March 20 or March 22. The trial judge found that the affidavit was dated March 20, and the return on the warrant shows it was executed on March 20, 1987. We do not think the trial court erred in admitting into evidence the copy of the affidavit and the copy of the warrant.

■ Appellant also complains that the affidavit for the search warrant was deficient in several respects. He contends that the affidavit did not contain a sufficient description of the premises to be searched because, although it gave precise directions as to how his rural home was to be reached, it failed to adequately describe the house. The affidavit contained the following language:

> the said premises being located at Rt. 1 Box 342A7 further described from the city limits of Texarkana Arkansas travel Hwy. 71 South to Hwy. 237 (Blackmon Ferry Rd.) turn right on Hwy. 237 and travel 5 miles. Turn right on black top road (Pleasant Hill Rd.) and travel 1 mile. Turn left on dirt road which is East and adjacent to Smileys Barbecue and travel .2 miles to a brown house on the right side of the road. The house will have a brown roof and small porch in front of the house . . . .

In *Nichols* v. *State*, 273 Ark. 466, 469, 620 S.W.2d 942 (1981), the Arkansas Supreme Court answered the argument that the search warrant was invalid "for failure to describe with sufficient particularity the place to be searched," by saying:

> The affidavit gave detailed directions for leaving the courthouse and traveling specified roads to reach the field where the marijuana was being grown.

*See also Watson* v. *State*, 291 Ark. 358, 367, 724 S.W.2d 478 (1987). We think the description in the instant case was sufficient.

Next, appellant argues that the affidavit for the warrant failed to substantiate the credibility of the confidential informant. The affidavit stated:

> This Deputy has received information that marijuana and other controlled substances are being sold at this residence. Informant states that he has seen marijuana and crystal at

this residence within the past four hours. This informant has furnished information in the past that has led to the arrest and conviction of two subjects for possession of marijuana. Deputies of the Miller County Sheriff's Dept. has conducted surveillance of this residence on several occasions and has observed known drug users frequent residence for a short time and leave.

Ark. R. Crim. P. Rule 13.1(b), in effect at the time this warrant was obtained, provided in pertinent part:

If an affidavit or testimony is based in whole or in part on hearsay, the affiant or witness shall set forth particular facts bearing on the informant's reliability and shall disclose, as far as practicable, the means by which the information was obtained.

In *Watson* v. *State*, 291 Ark. 358, 724 S.W.2d 478 (1987), the Arkansas Supreme Court stated:

In *Illinois* v. *Gates*, 462 U.S. 213 (1983), the two-pronged test of *Aguilar* and *Spinelli* [*Aguilar* v. *Texas*, 378 U.S. 108 (1964), and *Spinelli* v. *United States*, 394 U.S. 410 (1969)] was replaced by a different test—"a practical, common sense decision," based on all the circumstances, including the veracity and basis for knowledge of persons supplying information. It is sufficient if "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Under *Gates* it is the duty of the reviewing court simply to insure that the magistrate issuing the warrant had a substantial basis for concluding that probable cause existed.

291 Ark. at 363. Parenthetically, we note that, in response to *Illinois* v. *Gates*, Ark. R. Crim. P. Rule 13.1(b) was amended by a Per Curiam of the Arkansas Supreme Court dated February 5, 1990, to add the following language:

An affidavit or testimony is sufficient if it describes circumstances establishing reasonable cause to believe that things subject to seizure will be found in a particular place. Failure of the affidavit or testimony to establish the veracity and bases of knowledge of persons providing

information to the affiant shall not require that the application be denied, if the affidavit or testimony viewed as a whole, provides a substantial basis for a finding of reasonable cause to believe that things subject to seizure will be found in a particular place.

*See* 301 Ark. 635, 783 S.W.2d 840. We find the affidavit in the instant case sufficient to show the existence of probable cause.

Next, appellant argues that the affidavit does not justify the need for a nighttime search. The affidavit stated that, "If this warrant is not served at night there is a danger drugs will be sold or moved." Ark. R. Crim. P. Rule 13.2(c) provides, in pertinent part:

Except as hereafter provided, the search warrant shall provide that it be executed between the hours of six a.m. and eight p.m., . . . . Upon a finding by the issuing judicial officer of reasonable cause to believe that:

(i) . . .

(ii) the objects to be seized are in danger of imminent removal;

(iii) . . .
the issuing judicial officer may, by appropriate provision in the warrant, authorize its execution at any time, day or night, . . . .

■ The affidavit supporting the warrant in this case stated that sheriff's deputies had observed known drug users enter this house, stay a short time and leave; the confidential informant had observed contraband in the house a short time before the warrant was issued; and the deputy executing the affidavit believed there was a danger the drugs would be sold or moved. This information provided a sufficient basis for the nighttime search. *See Holloway* v. *State*, 293 Ark. 438, 738 S.W.2d 796 (1987), supplemental opinion on denial of rehearing, 293 Ark. at 450; *Boyd* v. *State*, 13 Ark. App. 132, 680 S.W.2d 911 (1984), and *Lewis* v. *State*, 7 Ark. App. 38, 644 S.W.2d 303 (1982).

■ Next, appellant argues that the judicial officer who

issued the warrant failed to keep a written summary of the proceedings and testimony taken before him. As the affidavit was not lost, but accompanied the warrant, no harm resulted. *Watson v. State, supra*, 291 Ark. at 366.

Appellant also complains that the return was not signed until after the suppression hearing. There is no dispute that the warrant was immediately executed and the return filed. The failure of the return to be signed immediately is merely an insignificant technicality, not a fatal defect. Ark. R. Crim. P. Rule 16.2(e) provides that a motion to suppress evidence shall be granted only if the court finds that the violation upon which it is based is substantial, or if otherwise required by the Constitution of the United States or of this state. These constitutions prohibit unreasonable searches and seizures and, under both of them, affidavits for search warrants should be tested and interpreted in a commonsense and realistic manner. *Baxter* v. *State*, 262 Ark. 303, 556 S.W.2d 428 (1977); *Lewis* v. *State, supra*. Technical challenges to a search warrant are not favored lest police officers are discouraged from obtaining warrants. *Watson* v. *State, supra*, 291 Ark. at 367. Moreover, as the actions of the officers pursuant to this warrant were made in good faith, the validity of the warrant should be upheld. *United States* v. *Leon*, 468 U.S. 897 (1984). We find the trial court's ruling on the motion to suppress should be sustained.

Appellant also challenges the trial court's action in overruling his objection to the verdict form which enhanced his punishment for simple possession, second offense, to the punishment for a Class D felony. Appellant was charged by information with possession of a controlled substance with intent to deliver, a Class C felony punishable by four to ten years imprisonment and/or up to a $25,000.00 fine. Appellant requested and received an instruction on the lesser included offense of simple possession, a Class A misdemeanor.

He contends, however, that the court erred in submitting, over his objection, a verdict form that enhanced the punishment range on the misdemeanor from one year in the county jail and a $1,000.00 fine to that of a Class D felony, punishable by not more than six years in prison and a $10,000.00 fine. He argues this was error for four reasons: (1) no motion was made to amend as

required by Ark. Code Ann. § 16-85-407 (1987) and he was convicted and sentenced for a crime and under a penalty range for which he was never charged; (2) allowing the enhanced penalty to be submitted to the jury without amendment of the information and without notice to him was prejudicial; (3) allowing the enhancement from a misdemeanor to a Class D felony changed the nature and degree of the offense; and (4) because his previous conviction, which he admitted on the witness stand, was in Oklahoma, he has not previously been convicted "under the Arkansas Statute" and thus his conviction was not subject to enhancement. In support of this last proposition, appellant points to *McIlwain* v. *State*, 226 Ark. 818, 294 S.W.2d 350 (1956), in which it was held that one not previously convicted in Arkansas under its uniform narcotic drug act is not guilty of a felony as a second and subsequent offender even though he has been previously convicted on narcotic charges in other states.

We find no merit to appellant's contention that the information was not amended. During the appellant's testimony, he admitted, in response to questions asked by his own attorney, that he had been convicted in Oklahoma for possession of marijuana. The judge instructed the jury on possession with intent to deliver, which was the charge set out in the information, and on the lesser included offense of possession, second offense. However, the punishment the judge told the jury they could assess is found in Ark. Code Ann. § 5-64-401(c) (1987) which provides in pertinent part:

> Any person convicted of a first offense for the violation of this subsection is guilty of a Class A misdemeanor. Provided any person who is convicted of a second offense for a violation of this subsection is guilty of a Class D felony.

Stripping the appellant's argument down to the point of merit, we are presented with the contention that the court erroneously instructed the jury on the punishment permissible if they found him guilty of possession of marijuana, second offense.

The penalty for a Class D felony is found in Ark. Code Ann. § 5-4-401(5) (1987) and authorizes a sentence not to exceed six (6) years. However, Ark. Code Ann. § 5-64-401(c), quoted

above, provides that the first offense must be for "a violation of this subsection." Since appellant's first offense was under the law of Oklahoma, he is correct in his argument that under the analogous situation in *McIlwain* v. *State, supra,* a conviction in some other state does not violate "this subsection." In other words, as the court said in *McIlwain,* "the appellant has not previously been convicted under the Arkansas statute and is therefore a first offender under the language quoted above."

■ The appellee, however, relies upon Ark. Code Ann. § 5-64-408(b) (1987) which provides that an offense is considered a second or subsequent offense if the offender has been convicted under any statute of the *United States or of any state*, relating to drug possession. But the problem is that subsection (c) of that section also provides that it "does not apply to offenses under § 5-64-401(c)." Both § 5-64-401(c) and § 5-64-408(b) came from Act 590 of 1971, and Section 8 of Article IV of that act (now Ark. Code Ann. § 5-64-408) stated that it did not apply to Section 1(c) of Article IV (now Ark. Code Ann. § 5-64-401(c)). Thus, we cannot agree with appellee's contention that § 5-64-408(b) allows the appellant's Oklahoma conviction to be counted as a conviction for enhancement purposes in this case.

First offense possession of marijuana in Arkansas is a Class A misdemeanor, *see* Ark. Code Ann. § 5-64-401(c) (1987), and the penalty for a Class A misdemeanor is not to exceed one (1) year, Ark. Code Ann. § 5-4-401(b)(1) (1987). Therefore, we reduce appellant's sentence for the Class A misdemeanor to imprisonment for one year to be served, as provided in Ark. Code Ann. § 5-4-402(2) (1987) for defendants convicted of a misdemeanor, in the county jail or other authorized institution designated by the trial court.

Affirmed as modified and remanded.

CORBIN, C.J., and ROGERS, J., agree.