Charles Dee PRICHARD, Appellee,

v.

A.L. LOCKHART, Director, Arkansas Department of Correction, Appellant.

No. 92–2013.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1993.

Decided March 29, 1993.

T. Jeff Vining, Asst. Atty. Gen., Little Rock, AR (Winston Bryant, Atty. Gen., on brief), for appellant.

Demaris A. Hart, Texarkana, AR, for appellee.

Before BOWMAN, WOLLMAN, and LOKEN, Circuit Judges.

BOWMAN, Circuit Judge.

A.L. Lockhart, the Director of the Arkansas Department of Correction, appeals the magistrate judge's[1] grant of 28 U.S.C. § 2254 (1988) habeas relief to Charles D. Prichard, an Arkansas prisoner convicted and sentenced for state drug offenses. The magistrate judge found that Prichard's trial counsel was ineffective for failing to object to the sentencing court's use of an out-of-state marijuana conviction to enhance Prichard's sentence for possession of marijuana. We affirm.

Prichard was convicted by a jury of one count of possession of methamphetamine with intent to deliver, Ark.Code Ann. § 5-64-401(a)(1)(iii) (Michie 1987), and one count of possession of marijuana, third offense, Ark.Code Ann. § 5-64-401(c) (Michie 1987). During the sentencing portion of a bifurcated trial, the State produced evidence of Prichard's two previous convictions for possession of marijuana, one from Texas and one from Arkansas. Prichard was sentenced to consecutive terms of thirty years for the methamphetamine offense and fifteen years for the marijuana offense. The marijuana offense was sentenced as a Class C felony because the trial court deemed it a third offense under section 5-64-401(c) of the Arkansas Code.[2] The con-

---

1. The Honorable Beverly R. Stites, United States Magistrate Judge for the Western District of Arkansas, to whom the matter was referred for decision and entry of judgment by consent of the parties pursuant to 28 U.S.C. § 636(c) (1988 & Supp. II 1990).

2. Section 5-64-401 is part of the Uniform Controlled Substances Act. Subsection (c) makes possession of a controlled substance unlawful and further provides:

Any person convicted of a first offense for violation *of this subsection* is guilty of a Class A misdemeanor. Provided any person who is convicted of a second offense for a violation *of this subsection* is guilty of a Class D felony. Provided, any person who is convicted of a third or subsequent offense for violation *of this subsection* shall be guilty of a Class C felony.
Ark.Code Ann. § 5-64-401(c) (Michie 1987) (emphasis added).

victions and sentences were affirmed on appeal.

After exhausting his state remedies, Prichard brought a petition for a writ of habeas corpus in federal court, raising several grounds for relief. The magistrate judge granted the writ, holding that Prichard's trial counsel was ineffective for failing to object to use of his Texas marijuana conviction to justify Prichard's "third offense" status on the marijuana conviction.[3] The judge ordered Prichard discharged from the conviction and sentence for possession of marijuana, third offense, unless he was resentenced within sixty days. Lockhart appealed, and the magistrate judge granted Lockhart's motion for stay pending appeal.

■ In order to prevail on an ineffective-assistance claim, a prisoner must demonstrate "that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). An attorney's performance is deficient when it falls below "an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. at 2064. The defendant is prejudiced by the subpar performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068.

■ We agree with the magistrate judge that the performance of Prichard's trial counsel was deficient and that Prichard was thereby prejudiced. Under the plain language of section 5–64–401(c), a defendant's previous out-of-state conviction is not a violation of "this subsection" of the statute and therefore could not be used to increase Prichard's offense level under the statute.[4] Lockhart objects to the magistrate judge's reliance upon *Sossamon v. State*, 31 Ark.App. 131, 789 S.W.2d 738 (1990), in reaching that same conclusion.

The *Sossamon* court held that a defendant's previous out-of-state marijuana conviction was not a violation of section 5–64–401(c) of the Arkansas Code and therefore could not be used to increase his offense level under the statute. *Id.* at 742.

Lockhart asserts that, because *Sossamon* was decided after Prichard's sentencing, the magistrate judge should not have relied upon it. Further, the Arkansas case upon which the *Sossamon* court relied construed a different statutory enactment and that, according to Lockhart, makes the analysis inapplicable to the circumstances in *Sossamon* and here. Lockhart also notes a factual distinction in *Sossamon* that, he argues, makes it inapposite to Prichard's case. We are not persuaded by Lockhart's arguments.

Although *Sossamon* was decided after Prichard's sentencing, and thus was not available to Prichard's trial counsel at sentencing, it was objectively unreasonable for counsel to ignore the plain language of the statute and to fail to object when the trial court inappropriately used Prichard's Texas marijuana conviction to enhance his sentence. We find that counsel did not need the *Sossamon* opinion to conclude that the court was making a mistake in its application of section 5–64–401(c). Further, classifying the offense as a third offense and thus a more serious Class C felony, instead of the lesser Class D felony for a second offense, clearly prejudiced Prichard, as there is a reasonable probability that Prichard's sentence would have been different but for counsel's ineffectiveness. We hold that the writ was properly granted.

Lockhart's remaining line of argument, that other provisions of state law support Prichard's enhanced sentence, lack merit. The Controlled Substance Act enhancement provision relied upon by Lockhart specifically states that it does not apply to offenses under section 5–64–401(c). Ark. Code Ann. 5–64–408(c) (Michie 1987) ("This section does not apply to offenses under

---

**3.** The conviction and sentence on the methamphetamine charge are not at issue in this appeal.

**4.** Lockhart has argued that Prichard's methamphetamine conviction could be invoked as the

third offense. That argument is not convincing, as Prichard was convicted under 5–64–401(a) for the methamphetamine offense, not subsection (c).

§ 5–64–401(c).''). Further, assuming without deciding that Prichard was properly sentenced as a habitual offender under Ark.Code Ann. § 5–4–501 (Michie 1987),[5] he nevertheless suffered prejudice because the sentencing range for the marijuana offense was bumped up by erroneous application of section 5–64–401(c). Section 5–64–401(c) enhances a sentence by upgrading the **offense class** of the offense of conviction based on the number of applicable prior convictions for the same offense (for example, from a Class D felony to a Class C felony). Section 5–4–501 enhances a sentence by increasing the **term of years** for any given offense class based on prior felony convictions, with longer terms for more serious offenses. Thus the enhancement provided for under section 5–4–501 is greater when section 5–64–401(c) is applied to enhance the offense class, as it was in Prichard's case. Even when section 5–4–501 is invoked, it is clear that the unreasonable failure of Prichard's trial counsel to object to the sentencing court's use of the Texas marijuana conviction resulted in prejudice to Prichard.

Having shown constitutionally ineffective assistance of trial counsel, Prichard is entitled to the habeas relief ordered by the magistrate judge. The decision of the magistrate judge is affirmed.

---

**5.** The magistrate judge questioned whether Prichard could properly be sentenced for his marijuana possession conviction as a habitual offender under Ark.Code Ann. § 5–4–501 (Michie 1987), when he also was sentenced under the self-enhancement provisions of section 5–64–401(c). *See Lawson v. State,* 295 Ark. 37, 746 S.W.2d 544 (1988) (improper for specific criminal enhancement statute to be stacked upon general habitual offender criminal enhancement statute in sentencing for single offense). The magistrate judge did not decide the issue, nor do we. This issue of state law is appropriately left for state court determination when Prichard is resentenced on the marijuana offense.