SLIP OPINION

Cite as 2015 Ark. 207

# SUPREME COURT OF ARKANSAS

No. CV–14–470

| | |
|---|---|
| | Opinion Delivered May 14, 2015 |
| RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><br>APPELLANT<br><br>V.<br><br>AARON HODGE<br><br>APPELLEE | APPEAL FROM THE LEE COUNTY CIRCUIT COURT [NO. 39CV-13-82]<br><br>HONORABLE L.T. SIMES II, JUDGE<br><br>REVERSED AND REMANDED. |

**JOSEPHINE LINKER HART, Associate Justice**

Ray Hobbs, the Director of the Arkansas Department of Correction (the State), appeals from an order granting habeas-corpus relief to Aaron Hodge. Hodge was convicted of capital murder for the shooting deaths of his mother, Barbara Flick, his stepfather, David Flick, and his half-sister, Andria Flick, in their home at Rector. Hodge was sentenced to life imprisonment without parole. *Hodge v. State*, 332 Ark. 377, 382, 965 S.W.2d 766, 768 (1998). Hodge later sought habeas-corpus relief, and following a hearing at which no evidence was presented, the court granted relief to Hodge, concluding that he was entitled to relief under *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455 (2012). The State argues that the circuit court erred in granting him relief because *Miller* is inapplicable. Further, the State argues that the court erred in granting Hodge relief without making a finding of probable cause and following the procedures outlined in our habeas-corpus statutes. After considering the latter point, we

reverse and remand the circuit court's decision without addressing the applicability of *Miller*.

In his habeas-corpus petition, Hodge cited *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455 (2012), where the United States Supreme Court held that a mandatory sentence of life imprisonment without parole for those under the age of eighteen at the time the juvenile committed a homicide crime violated the Eighth Amendment's prohibition on cruel and unusual punishments. Hodge attached to his petition a certified copy of an amended judgment and commitment order reflecting that Hodge's date of birth is April 19, 1978, and that the offense date for the capital murder was October 8, 1995, making him, according to the order, seventeen years old at the time he committed the homicides. Hodge argued that *Miller* should be retroactively applied to his case.

Citing Arkansas Code Annotated section 16-112-103(a)(1) (Repl. 2006), the State asserted that it was not required to file a "return," unless the circuit court first found that the petition showed "by affidavit or other evidence, probable cause to believe he or she is detained without lawful authority." The State presented what it described as a "memorandum of authorities to assist the Court in that determination." The State argued that Hodge's claim was not cognizable under Arkansas's habeas-corpus statutes and that, even if his claim was cognizable, he was not entitled to relief because *Miller* did not apply retroactively.

The circuit court entered an order directing the sheriff of Lee County to take custody of Hodge from the Department of Correction and bring Hodge to the hearing. The court's order further stated that, "[a]lternatively, should the Department so prefer, it may itself undertake to transport Inmate Hodge to and from the hearing." A hearing was held at which

the court jointly considered a petition filed by James Grubbs, who was also represented by Hodge's counsel.[1] Hodge's counsel presented argument to the court on behalf of Hodge and Grubbs, but no evidence was submitted to the circuit court. The court asked the attorneys for the State whether there was a dispute regarding whether either Hodge or Grubbs was under the age of eighteen at the time of the offense, and the State replied, "[I]f we ultimately say it was acceptable in a probable-cause hearing, we would want to have a certified vital record proving their age. But, ultimately, we do believe that they were underage at the time."

The court requested posthearing briefs and proposed orders from both parties. In a response to both Hodge's and Grubbs's petition, the State again cited Arkansas Code Annotated section 16-112-103(a)(1), and stated that "it must be emphasized that the only question presently before the Court is whether petitioners' applications for the writ sufficiently demonstrate probable cause to believe they are confined in the penitentiary without lawful authority." The State argued in its brief that because their *Miller* claims were not cognizable and because *Miller* is not retroactively applicable, Hodge and Grubbs had not demonstrated probable cause to issue the writ and that their petitions should be dismissed.

The circuit court entered an order vacating Hodge's sentence of life imprisonment without parole and remanded the matter to the Craighead County Circuit Court for resentencing proceedings. The court found that Hodge was convicted of homicides committed before he attained the age of eighteen years and that he received a mandatory sentence of life imprisonment without parole. The court concluded that *Miller* applied retroactively and that

---

[1]Today, we also address the appeal of *Hobbs v. Grubbs*, 2015 Ark. 205.

SLIP OPINION

"habeas corpus is the proper procedural remedy." We note, however, that the circuit court did not make a specific ruling on probable cause to issue the writ.

On appeal, the State argues that the circuit court erred when it found that *Miller* retroactively applied. Further, the State contends that the court erred because it issued its order granting habeas relief without first making a finding of probable cause or otherwise following the procedures set out in our habeas-corpus statutes. In response to this latter point, Hodge argues that he demonstrated probable cause by attaching a certified judgment-and-commitment order to his petition showing his date of birth and the date of the offense and that the State's pleadings constituted a "return." He notes that the circuit court entered an order directing the Lee County Sheriff to take custody of Hodge and bring him to the hearing and that the court conducted a hearing at which attorneys for the State—Hodge's custodian—were present. He asserts that the court made a finding of probable cause and issued the writ by virtue of the order requiring his presence at the hearing and in its subsequent order granting him relief.

We conclude that the State's argument on this latter point is dispositive of this case. Here, the circuit court did not make a specific finding of probable cause or otherwise conduct other proceedings required by our habeas-corpus statutes. Those statutes provide that the "writ of habeas corpus shall be issued, served, and tried in the manner prescribed by this chapter." Ark. Code Ann. § 16-112-101 (Repl. 2006). The "writ of habeas corpus shall be granted forthwith . . . to any person who shall apply for the writ by petition showing, by affidavit or other evidence, probable cause to believe he or she is detained without lawful authority." Ark. Code Ann. § 16-112-103(a)(1). The writ is "directed to the person in whose custody the

4

prisoner is detained, and made returnable as soon as may be." Ark. Code Ann. § 16-112-105(b)(1) (Repl. 2006). The person on whom the writ is served has the duty to "bring with the writ all and every examination and information in his or her hands, possession, custody or charge, relating to the commitment." Ark. Code Ann. § 16-112-109(a) (Repl. 2006). The "party brought before any court or judge, by virtue of any writ of habeas corpus," may then "deny the material facts set forth in the return, or allege any fact to show either that his or her detention or imprisonment is unlawful, or that he or she is entitled to his or her discharge." Ark. Code Ann. § 16-112-113(a) (Repl. 2006). Finally, the "judge before whom the writ is returned, after hearing the matter, both upon the return and any other evidence, shall either discharge or remand the petitioner, admit the prisoner to bail, or make such order as may be proper." Ark. Code Ann. § 16-112-115 (Repl. 2006).

This case is analogous to *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. There, Gordon sought habeas-corpus relief, likewise arguing that he was entitled to it under *Miller*. Gordon alleged that his judgment and commitment order incorrectly stated his date of birth, and Gordon appended a certified copy of his birth certificate to his petition to support the allegation that he was a juvenile at the time he committed capital murder. As in this case, the State filed a response in which it asserted that it was not required to file a return until the court first made a determination of probable cause. The circuit court, however, granted Gordon's petition, vacated Gordon's sentence, and reinvested jurisdiction in the circuit court that rendered the judgment and commitment order for Gordon to be resentenced. The State argued on appeal that the circuit court failed to follow the mandatory procedures of our

habeas statutes, failed to issue the writ to the State, and erroneously granted relief from the underlying commitment. This court observed that the record demonstrated that the circuit court issued the writ but that it did not make a finding of probable cause to issue the writ. This court held, "Although the circuit court may have implicitly found that Gordon's petition evidenced probable cause to issue the writ, the record demonstrates that a probable cause finding was not made. Our habeas statutes make clear that the circuit court must first make this probable-cause finding prior to moving forward with the remaining habeas procedures." *Gordon*, 2014 Ark. 225, at 10–11, 434 S.W.3d 364, 370. This court then concluded that a "determination of whether probable cause is shown must be made for the circuit court to issue the writ," and the court remanded the case to the circuit court for findings and any further proceedings required by the habeas statute. *Id*. at 11, 434 S.W.3d at 370.

Here, as in *Gordon*, the State filed a response stating that it was not required to file a return until a probable-cause determination was made. Like the circuit court in *Gordon*, the court in this case made no express finding of probable cause and did not otherwise require the State to provide a return. As argued by the State, and in accordance with *Gordon*, rather than vacating Hodge's sentence of life imprisonment and remanding for resentencing, the circuit court first should have made a probable-cause finding. Furthermore, as argued by the State, the circuit court failed to conduct the other proceedings mandated by our habeas-corpus statutes. If the court had concluded that there was probable cause, the court would have then issued a writ directed to the person in whose custody Hodge is detained. Hodge's custodian would have been required to make a return of the writ, and Hodge would have been able to deny the

SLIP OPINION

return. After hearing the matter, the court would then decide whether Hodge was entitled to a discharge. Thus, we reverse and remand for proceedings consistent with this opinion. Because we have reversed and remanded on this point, we do not address the remaining arguments made by the State.

Reversed and remanded.

WOOD and WYNNE, JJ., dissent.

**RHONDA K. WOOD, Justice, dissenting.** The majority has reversed and remanded without ruling whether *Miller v. Alabama* applies retroactively. The basis for the majority's decision is our opinion in *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. I dissent because *Gordon* does not control this case.

In *Gordon*, there was a legitimate dispute as to the petitioner's age at the time of the offense. The age listed on his birth certificate was different from the age listed on his judgment and commitment order. *Gordon*, 2014 Ark. 225, at 2, 434 S.W.3d at 365–66. If the former age was accurate, the petitioner was entitled to relief; if the latter age was accurate, he was not. The circuit court, however, without addressing this discrepancy, granted substantive relief in the form of resentencing.

But in this case there is no dispute about the petitioner's age. No party has asserted that the age listed on the judgment and commitment order was inaccurate, nor were there competing birth dates. In addition, the State essentially conceded at the hearing that the petitioner was underage when he committed his crimes:

COURT:          Is there a dispute regarding the fact that . . . Grubbs[1] and Hodges [*sic*] were under the age of eighteen at the time of the offense? Is that disputed? Mr. Rosenzweig says it's not disputed.

STATE:          Well, if we ultimately say it was acceptable in a probable cause hearing, we would want to have a certified vital record proving their age. But, ultimately, we do believe that they were underage at the time.

This is much different from *Gordon*, where the parties contested the petitioner's age with two competing documents. Here, no documents suggested an age discrepancy. Moreover, everyone at the hearing in front of the circuit court, from the State to the petitioners, thought the only issue the court had to decide was whether *Miller* applied retroactively; the circuit court addressed this issue in its order; and unlike *Gordon*, the State never filed a motion for reconsideration after that order was entered. I would therefore address the merits of this appeal and decide whether *Miller* applies retroactively.

WYNNE, J., joins.

*Dustin McDaniel*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellant.

*D'Lorah L. Hughes*; and *Jeff Rosenzweig*, for appellee.

---

[1] The circuit court considered petitions from both Hodge and James Grubbs at the same hearing. *See Hobbs v. Grubbs*, 2015 Ark. 205.