SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CV-14-468

| | |
|---|---|
| RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | **Opinion Delivered** May 14, 2015 |
| APPELLANT | APPEAL FROM THE LEE COUNTY CIRCUIT COURT [NO. 39-CV-13-81] |
| V. | HONORABLE L.T. SIMES, JUDGE |
| JAMES GRUBBS | REVERSED AND REMANDED. |
| APPELLEE | |

**COURTNEY HUDSON GOODSON, Associate Justice**

Appellant Ray Hobbs, Director of the Arkansas Department of Correction (hereinafter "State"), appeals an order entered by the Lee County Circuit Court granting habeas-corpus relief to appellee James Grubbs. For reversal, the State contends that the circuit court erred (1) in ruling that the United States Supreme Court's decision in *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455 (2012), applies retroactively to invalidate Grubbs's sentence of life without parole imposed upon his conviction for capital murder, and (2) by not adhering to the statutory procedure governing the resolution of habeas-corpus petitions. We reverse and remand on the second point.

The record reflects that on September 26, 1995, Grubbs entered in the White County Circuit Court a negotiated plea of guilty to the offense of capital murder. As a result of the plea, he received a sentence of life without the possibility of parole. On June 24, 2013, Grubbs filed a petition for writ of habeas corpus in the Lee County Circuit Court, the court in the county

where he is incarcerated. In the petition, Grubbs alleged that he was being detained without lawful authority because he was a juvenile at the time of the offense and received a mandatory sentence of life without parole contrary to the opinion in *Miller, supra*, where the Court held that the imposition of a mandatory sentence of life without the possibility of parole for juvenile homicide offenders violates the Eighth Amendment's prohibition against cruel and unusual punishment. He also asserted that the decision in *Miller* applies retroactively to cases, like his own, on collateral review. In compliance with Arkansas Code Annotated section 16-112-103(d) (Repl. 2006), Grubbs attached a certified copy of the 1995 judgment and commitment order. The judgment contains a notation that Grubbs's date of birth is May 4, 1977, and states that Grubbs committed the offense on March 8, 1995.

In reply, the State submitted a response and memorandum of authorities in opposition to the petition. In this response, the State made clear that, procedurally, it was not required to file a response or formal "return" unless the circuit court first determined that there was probable cause for issuing the writ, and the State maintained that it was offering the response and memoranda of authorities solely for the purpose of assisting the court in making a probable-cause determination. Further, the State asserted that Grubbs could not benefit from the decision in *Miller* because its holding was not retroactive in application. For this assertion, the State principally relied on the Supreme Court's decision in *Teague v. Lane*, 489 U.S. 288 (1989) (plurality opinion).

On September 23, 2013, the circuit court held a hearing on the petition.[1] The court

---

[1]The circuit court conducted a joint hearing, combining a consideration of Grubbs's petition with that of Aaron Hodge, who was represented by the same attorneys and who

took no evidence but heard argument of counsel regarding the retroactive application of the holding in *Miller*. During the course of the hearing, the circuit court asked whether there was any dispute that Grubbs was under the age of eighteen when the offense was committed. Grubbs' counsel replied that there was no dispute, but counsel for the State maintained that, while it believed that Grubbs was underage, it considered it necessary to verify Grubbs's age with a certified vital record. The circuit court acknowledged the State's position that is was necessary to "verify this age thing, certainly." At the conclusion of the hearing, the circuit court asked the parties to submit briefs along with proposed orders reflecting their respective positions on the retroactivity of *Miller*.

In its brief, the State "emphasized that the only question presently before the Court is whether petitioners' applications for the writ sufficiently demonstrate probable cause to believe they are confined in the penitentiary without lawful authority." The State supplemented this statement with the following footnote:

> Although petitioners' counsel argued at the hearing that there is no dispute that petitioners were minors when they committed their brutal homicides, he is mistaken. Because petitioners' counsel has, in at least two other cases involving *Miller* issues, alleged discrepancies between other petitioners' true ages and their ages as reflected in the penitentiary records, see Gordon v. Hobbs, No. 39CV-13-84 (Lee County Circuit Court), and Brown v. Hobbs, No. LCV 2013-75-2 (Lincoln County Circuit Court), it cannot be assumed simply from the allegations and records before the Court that petitioners Grubbs and Hodge were, as a matter of fact, under age eighteen at the time of their crimes. As respondent argued at the hearing, it seems at a minimum that a vital record would be necessary to establish that fact, but only if the Court first concludes that probable cause has been established so as to warrant a determination of that fact.

presented an identical habeas claim in his petition. Today, we also address the appeal of *Hobbs v. Hodge*, 2015 Ark. 207.

SLIP OPINION

On November 6, 2013, the circuit court entered its order granting habeas-corpus relief. The court found that Grubbs was serving a mandatory sentence of life imprisonment without parole for capital murder and that his conviction involved a homicide committed before he had attained the age of eighteen. Further, the circuit court ruled that the only available sentence to Grubbs for capital murder was life in prison without parole and that the sentence violated the Eighth Amendment as announced in *Miller*. The circuit court also accepted Grubbs's argument that *Miller* applies retroactively to cases on collateral review. Alternatively, and noting that state courts are free to afford Supreme Court decisions greater retroactivity than federal courts, the circuit court was persuaded by the fact that this court had granted habeas-corpus relief on collateral review in *Jackson v. Norris*, 2013 Ark. 175, 426 S.W.3d 906, the Arkansas case also considered by the Court in *Miller*. Thus, the court concluded that to deny Grubbs relief would violate both federal and state guarantees of equal protection. Based on these findings and conclusions of law, the circuit court vacated Grubbs's sentence and remanded to the White County Circuit Court for resentencing. The State brings this appeal from the circuit court's order.

As its second point on appeal, the State raises the preliminary issue that the circuit court failed to follow the mandatory statutory procedures for granting habeas-corpus relief. It contends that the circuit court prematurely granted the writ and afforded habeas-corpus relief before making a determination of probable cause and without requiring it to file a return to justify the confinement and to enable the court to determine the material facts. This precise issue was raised in the companion case of *Hobbs v. Hodge*, 2015 Ark. 207, where this court found merit in the State's argument and reversed and remanded for further proceedings. Our decision

4

in *Hodge* is controlling of the issue in this case. Therefore, we consider it unnecessary to reiterate here what we have said in the companion case, and we adopt and incorporate herein by reference the reasoning set forth in *Hodge*. Accordingly, we reverse and remand for further proceedings.

Reversed and remanded.

WOOD and WYNNE, JJ., dissent.

**RHONDA K. WOOD, Justice, dissenting.** I dissent for the same reasons explained in my dissenting opinion to the companion case of *Hobbs v. Hodge*, 2015 Ark. 207.

WYNNE, J., joins.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, for appellant.

*D'Lorah L. Hughes*; and *Jeff Rosenzweig*, for appellee.