SLIP OPINION

Cite as 2017 Ark. 314

# SUPREME COURT OF ARKANSAS.
No. CV–17–34

| | |
|---|---|
| KEDRICK TREVON DARROUGH<br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br>APPELLEE | Opinion Delivered November 9, 2017<br><br>PRO SE APPEAL FROM THE<br>JEFFERSON COUNTY CIRCUIT<br>COURT [NO. 35CV-16-264]<br><br>HONORABLE JODI RAINES<br>DENNIS, JUDGE<br><br>AFFIRMED. |

**SHAWN A. WOMACK, Associate Justice**

Kedrick Trevon Darrough appeals the denial of his petition for writ of habeas corpus filed pursuant Arkansas Code Annotated section 16-112-101 to −123 (Repl. 2006) in which he alleged that his sentence was illegally enhanced pursuant to Arkansas Code Annotated section 5-64-408 (Supp. 2003). On appeal, Darrough argues that the circuit court erred by failing to grant his motion for default judgment, by not reducing his sentence because he was not subject to an enhancement with an out-of-state conviction pursuant to section 5-64-408, and by not holding an evidentiary hearing. The circuit court's denial of habeas relief was not clearly erroneous and is affirmed.

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity

of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006). A habeas proceeding does not afford a prisoner an opportunity to retry his or her case, and it is not a substitute for direct appeal or postconviction relief. *See Noble v. Norris*, 368 Ark. 69, 243 S.W.3d 260 (2006). A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, at 5, 434 S.W.3d 364, 367. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.* Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416, at 2.

As an initial matter, although Darrough argues that that he was entitled to have the court issue a summary judgment in his favor when the State failed to respond to his habeas petition and motion for default judgment, the Arkansas Rules of Civil Procedure do not apply to an action filed pursuant to Arkansas Code Annotated section 16-112-103. *See Baker v. Norris*, 369 Ark. 405, 415, 255 S.W.3d 466, 472 n.2 (2007) (The Arkansas Rules of Civil Procedure have never been applied to postconviction proceedings nor do they apply to a postconviction habeas proceeding.); *Sanders v. State*, 352 Ark. 16, 24–25, 98 S.W.3d 35, 40–41 (2003). Contrary to Darrough's contention, the State was not required to file a return until the court made a determination of probable cause—which it did not do here. *See Hobbs v. Hodge*, 2015 Ark. 207, at 5–6, 461 S.W.3d 704, 707. Because the State was

not required to file a return, the circuit court properly denied Darrough's request for default judgment.

Darrough argues that his sentence is illegal because the circuit court lacked authority to enhance his sentence with an out-of-state conviction pursuant to Arkansas Code Annotated section 5-64-408. Darrough further contends he was entitled to an evidentiary hearing.[1] As he argued below, Darrough contends that his judgment-and-commitment order indicates that his sentences for possession of cocaine with intent to deliver and possession of marijuana with intent to deliver were illegally enhanced by Arkansas Code Annotated section 5-64-408. Citing to *Sossamon v. State*, 31 Ark. App. 131, 789 S.W.2d 738 (1990), he argues that a previous California conviction for possession of marijuana was used to illegally enhance his sentences because he is a first-time offender in Arkansas. Therefore, his sentences could not have been enhanced pursuant to section 5-64-408, as a "second and subsequent offen[der]."

Wendy Kelley, director of the Arkansas Department of Correction (ADC), counters that Darrough made "bare statements" that were not adequate to meet his burden for probable cause to have the writ issue. Because Darrough failed to meet his probable-cause burden and establish that the California conviction "was, in fact, the conviction that was used in the Drew County Circuit Court proceedings to enhance his sentence pursuant to §

---

[1]Darrough also contends that the denial of his claim for habeas relief was a violation of his constitutional rights to due process of law and equal protection. He raises the claim of a constitutional violation for the first time on appeal, and we do not address constitutional arguments raised for the first time on appeal. *Taylor v. State*, 2010 Ark. 372, at 20, 372 S.W.3d 769, 781.

5-64-408[,]" Kelley contends that the ADC was not required to file a response to the habeas petition. The circuit court agreed with Kelley, noting Darrough's previously filed a habeas petition in Lee County making the same allegation. *Darrough v. State*, 2013 Ark. 28 (denying relief). The circuit court denied relief, finding that, although Darrough attached a copy of a California conviction to his petition, a writ may not be supported by mere statements placed in the petition and that Darrough failed to establish probable cause to support issuance of the writ.

Unlike the circumstances of Darrough's first habeas petition, *see Darrough*, 2013 Ark. 28, Darrough attached his California conviction to the habeas petition that is the subject of this appeal. Darrough's assertion of the lack of jurisdiction of the trial court that resulted in his claim of an illegal sentence is not made by "bare statements" or "mere statements placed in the petition" but rather is supported by evidence that he claims is the prior conviction used to support the enhancement of his sentence. The State is correct that it need not file a return until a probable-cause determination was made. *See Hodge*, 2015 Ark. 207, at 5–6, 461 S.W.3d at 707; *see also Gordon*, 2014 Ark. 225, 434 S.W.3d 364.

However, the State's assertion, and the circuit court's finding, that Darrough made only a bare assertion that failed to establish probable cause is not accurate. Darrough made more than a bare assertion in his pleading—he attached the prior California conviction, alleging it was his first and only prior conviction; he nevertheless failed to obtain or attach the record from any part of his sentencing hearing, which may have aided him in establishing probable cause. *See Lukach v. State*, 310 Ark. 38, 834 S.W.2d 642 (1992) (holding that the burden is on the appellant to bring forth a record that demonstrates error). Even though

4

Darrough presented more than a bare assertion, he misinterprets Arkansas Code Annotated section 5-64-408 and misplaces reliance on *Sossamon*, 31 Ark. App. 131, 789 S.W.2d 738. This court may affirm a circuit court's denial of habeas relief if the right result was reached for a different reason. *Watkins v. State*, 2014 Ark. 283, at 5, 437 S.W.3d 685, 688 n.3. Therefore, Darrough's allegations fail to establish probable cause that the writ should issue.

Arkansas Code Annotated section 5-64-408(a) (Supp. 2003) states that any person convicted of a second or subsequent offense "under this chapter shall be imprisoned for a term up to twice the term otherwise authorized . . . ." Subsection (b) states that an offense is considered a second or subsequent offense "if, prior to his or her conviction of the offense, the offender has at any time been convicted under this chapter or under any statute of the United States or any state relating to a narcotic drug, marijuana, depressant, stimulant, or a hallucinogenic drug." However, the section does not apply to an offense under section 5-64-401(c). Ark. Code Ann. § 5-64-408(c). Arkansas Code Annotated section 5-64-401(c) (Supp. 2003), otherwise known as "simple possession," states that it is unlawful for any person to possess a controlled substance[.]"

Darrough was convicted of possession of cocaine with intent to deliver and possession of marijuana with intent to deliver—both of which fall under Arkansas Code Annotated section 5-64-401(a), not subsection (c). In *Sossaman*, the appellant was convicted of simple possession pursuant to Arkansas Code Annotated section 5-64-401(c), thereby, making Sossaman subject to the limitation that prevented the application of the enhancement in Arkansas Code Annotated section 5-64-408. *Sossaman*, 31 Ark. App. 131, 789 S.W.2d 738. In this case, Darrough was not convicted of simple possession and was not subject to the

SLIP OPINION

limitation preventing the enhancement of his sentences. Further, Darrough's previous California conviction does not fall under either of the exceptions to section 5-64-408(c); therefore his convictions under subsection (a) are not precluded from having the sentencing enhancement in section 5-64-408(c) applied. The trial court did not lack jurisdiction to sentence Darrough utilizing the enhancement in section 5-64-408. Because a hearing is not required if the petition does not allege either bases of relief proper in a habeas proceeding, the circuit court did not err by failing to have an evidentiary hearing on the matter. *George v. State*, 285 Ark. 84, 685 S.W.2d 141 (1985).

Affirmed.

*Kedrick Trevon Darrough, Sr.*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.