Cite as 2020 Ark. 119

# SUPREME COURT OF ARKANSAS

No. CR–19–731

| | |
|---|---|
| KEDRICK T. DARROUGH, SR.<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** March 19, 2020<br><br>PRO SE APPEAL FROM THE DREW COUNTY CIRCUIT COURT<br>[NO. 22CR-05-66]<br><br>HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE<br><br><u>AFFIRMED</u>. |

**COURTNEY RAE HUDSON, Associate Justice**

Kedrick T. Darrough appeals the denial of his petition to correct an illegal sentence "imposed in an illegal manner"[1] that he filed in the trial court pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). Darrough alleged in his petition that his sentence was illegally enhanced under Arkansas Code Annotated section 5-64-408 (Repl. 1997). On appeal, Darrough argues that the trial court erred by not correcting and reducing his sentence because he was not subject to an enhancement for an out-of-state conviction. The trial court's decision to deny relief under section 16-90-111 will not be overturned unless that decision is clearly erroneous. *Wesley v. State*, 2019 Ark. 270, 585 S.W.3d 156.

---

[1] Although Darrough challenges his sentences as imposed in an illegal manner, it is clear from his allegations that the basis for the relief requested is that the sentences exceed the statutory maximum and are thus facially illegal. Therefore, Darrough's petition is not subject to the time limitations set forth in Arkansas Rule of Criminal Procedure 37.2 (2007) that govern when a petition must be filed under the Rule to be considered timely. *See Lukach v. State*, 2018 Ark. 208, 548 S.W.3d 810.

Because the trial court's denial of Darrough's petition to correct an illegal sentence was not clearly erroneous, we affirm.

A jury found Darrough guilty of possession of cocaine with intent to deliver and possession of marijuana with intent to deliver. Under section 5-64-408, his sentences were enhanced for a subsequent controlled-substance conviction, and he was sentenced to 840 months' and 240 months' imprisonment to be served consecutively. The Arkansas Court of Appeals affirmed. *Darrough v. State*, CACR 07-223 (Ark. App. Oct. 24, 2007) (unpublished).

Section 16-90-111 provides authority to a trial court to correct an illegal sentence at any time. *Burgie v. State*, 2019 Ark. 185, 575 S.W.3d 127. An illegal sentence is one that is illegal on its face. *Id*. Sentencing is entirely a matter of statute in Arkansas, and a sentence is illegal when it exceeds the statutory maximum for the offense of which the defendant was convicted. *Id*.

Darrough alleged in his petition and reiterates in his arguments on appeal that his judgment and commitment order demonstrates that his sentences for possession of controlled substances with intent to deliver were illegally enhanced with an out-of-state conviction pursuant to section 5-64-408(b). Citing *Sossamon v. State*, 31 Ark. App. 131, 789 S.W.2d 738 (1990), he argues that a previous California conviction for possession of marijuana was used to illegally enhance his sentences because he is a first-time offender in Arkansas. In sum, Darrough asserts that the sentences imposed exceeded the statutory maximum for the offenses for which he was convicted.

2

Darrough raised this same issue in a previous petition for a writ of habeas corpus. The circuit court denied the petition, and this court affirmed. *Darrough v. Kelley*, 2017 Ark. 314, 530 S.W.3d 332. In rejecting Darrough's claim, we explained that section 5-64-408(a) states that any person convicted of a second or subsequent offense shall be imprisoned for a term up to twice the term otherwise authorized. *Id*. We further explained that section 5-64-408(b) defines a subsequent offense as one that includes a prior conviction under any statute of the United States or any state relating to a narcotic drug, marijuana, depressant, stimulant, or hallucinogenic drug. *Id*. We noted that subsection (b) does not apply to offenses set forth in Arkansas Code Annotated section 5-64-401(c) (Supp. 2003) (repealed 2011), which include "simple possession" of controlled substances. *Id*.

As this court previously found, Darrough was not convicted of simple possession of cocaine and marijuana under section 5-64-401(c) but was convicted of possession of controlled substances with intent to deliver under section 5-64-401(a). We distinguished the holding in *Sossamon* because the appellant in that case was convicted of simple possession pursuant to section 5-64-401(c) and was therefore exempt from the enhancement set forth in section 5-64-408(b). *Id*. Accordingly, we found that Darrough's sentences were legally enhanced under section 5-64-408(b). *Id*. Darrough has not provided additional facts or legal authority establishing that his sentences are facially illegal.

Affirmed.

*Kedrick T. Darrough*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.