COURTNEY HUDSON GOODSON, Associate Justice
Appellant Vernell Conley appeals the circuit court's denial of his petition for a writ of habeas corpus. For reversal, Conley argues that (1) the circuit court erred in holding that his claims were not appropriate *118 for resolution in the habeas process; (2) the extant judgment and commitment order under which he is committed is void or defective as a result of this court's decision in Conley v. State , 2014 Ark. 172, 433 S.W.3d 234, which vacated two of the three sentences that he challenged; (3) his confinement under the existing judgment and commitment order is unlawful because his sentence on the remaining count was determined by a jury that also considered evidence deemed insufficient to support his conviction on the two dismissed counts; and (4) his confinement on the remaining count violates his due-process rights because, in sentencing him, the jury considered evidence deemed insufficient to support his conviction on the two dismissed counts. We affirm.
I. Background
By amended felony information, the prosecuting attorney in Washington County charged Conley with delivery of a controlled substance (crack cocaine); possession of a controlled substance (marijuana) with intent to deliver; and possession of drug paraphernalia (digital scales). The information also alleged that Conley was a habitual offender with more than four previous felony convictions. Conley stood trial before a jury on August 26, 2010. The State's evidence disclosed that Conley delivered 0.5813 grams of crack cocaine to undercover police officers. According to the testimony, the delivery occurred on the evening of September 15, 2009, at a park in Fayetteville. However, the officers did not arrest Conley until November 6, 2009. On that date, the officers also executed a search warrant at Conley's home, where they discovered 32.5 grams of marijuana in a plastic bag and a set of digital scales. The jury found Conley guilty of delivery of crack cocaine and possession of the digital scales as drug paraphernalia. The jury acquitted Conley of possession of marijuana with intent to deliver and instead found him guilty of the lesser-included offense of possession of marijuana. As a habitual offender, Conley received sentences of sixty years for delivery of a controlled substance, six years for possession of a controlled substance, and thirty years for possession of drug paraphernalia.[1] In affirming, the Arkansas Court of Appeals refused to reach the merits of Conley's sufficiency-of-the-evidence arguments after it determined that Conley's directed-verdict motions were not specific enough to preserve the issues raised on appeal. Conley v. State , 2011 Ark. App. 597, 385 S.W.3d 875.
Thereafter, Conley filed a petition for postconviction relief pursuant to Rule 37.1. The circuit court later granted Conley leave to file an amended petition, and in that amended petition, he alleged that he was denied effective assistance of counsel because his trial counsel (1) failed to present a witness after informing the jury in his opening statement that he would produce a witness who would testify that the marijuana and the paraphernalia did not belong to Conley, (2) did not make adequate motions for directed verdict, and (3) failed to move for severance of the possession and delivery offenses. The circuit court denied the petition, and Conley appealed. On appeal, we affirmed on Conley's first point when we could not conclude that he suffered any prejudice from counsel's remark in opening statement. Conley v. State , 2014 Ark. 172, 433 S.W.3d 234. However, we reversed on Conley's second argument because the evidence was not sufficient *119 to support Conley's conviction of the possession charges and trial counsel's failure to make a proper directed-verdict motion was both deficient and prejudicial. Id. Because Conley's severance argument was directed solely to the possession offenses, and we determined that those charges were to be dismissed, we did not address it. We therefore "[a]ffirmed in part; reversed and remanded in part with directions to dismiss the charges of possession of a controlled substance and possession of drug paraphernalia." Id. at 13, 433 S.W.3d at 243. Conley did not petition for rehearing, and our mandate issued on May 6, 2014. Our mandate reads in its entirety:
THIS POSTCONVICTION CRIMINAL APPEAL WAS SUBMITTED TO THE ARKANSAS SUPREME COURT ON THE RECORD OF THE WASHINGTON COUNTY CIRCUIT COURT AND BRIEFS OF THE RESPECTIVE PARTIES. AFTER DUE CONSIDERATION, IT IS THE DECISION OF THE COURT THAT THE JUDGMENT OF THE CIRCUIT COURT IS AFFIRMED IN PART; REVERSED AND REMANDED IN PART WITH DIRECTIONS FOR THE REASONS SET OUT IN THE ATTACHED OPINION.
Conley filed a federal habeas petition on March 26, 2015. On Conley's motion, the federal proceedings were held in abeyance to allow him to exhaust his state remedies. Pursuant to our opinion in Conley's Rule 37 appeal, the Washington County Circuit Court entered a formal order on August 27, 2015, dismissing Conley's possession convictions. However, the circuit court did not conduct a resentencing hearing on the delivery charge or enter a new judgment and commitment order reflecting the dismissal of the two possession convictions. On April 7, 2017, Conley filed a motion to recall the mandate in his Rule 37 appeal and for leave to file an out-of-time petition for rehearing. We unanimously denied that motion on April 27, 2017. Conley remains imprisoned on his 720-month delivery sentence.
II. State Habeas Petition
Conley filed his petition for a writ of habeas corpus in the Lincoln County Circuit Court on January 26, 2018.[2] Therein, Conley argued that (1) the existing judgment and commitment order under which he is committed is void or defective as a result of our decision in his Rule 37 appeal, which vacated two of the three sentences that he challenged; (2) his confinement under the judgment and commitment order is unlawful because his sentence on the remaining count was determined by a jury that also considered evidence deemed insufficient to support his conviction on the two dismissed counts; and (3) his confinement on the remaining count violates his due-process rights. Conley sought a new sentencing hearing limited to evidence supporting his delivery conviction and the entry of a new judgment reflecting the jury's sentence imposed on that count. The circuit court dismissed Conley's petition.
A. Standard of Review
A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. Philyaw v. Kelley , 2015 Ark. 465, 477 S.W.3d 503. Under our statute, a petitioner who does not allege his or her actual innocence must plead either the facial invalidity of the judgment or the lack of jurisdiction by the circuit court and make a showing by affidavit or *120 other evidence of probable cause to believe that the petitioner is being illegally detained. Id. ; Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Unless the petitioner can show that the circuit court lacked jurisdiction or that the judgment is facially invalid, there is no basis for a finding that a writ of habeas corpus should issue. Williams v. Kelley , 2017 Ark. 200, 521 S.W.3d 104.
A circuit court's decision on a petition for a writ of habeas corpus will be upheld unless it is clearly erroneous. Johnson v. State , 2018 Ark. 42, 538 S.W.3d 819. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. Id.
B. Analysis
Conley first argues that the circuit court erred in concluding that his claims were not appropriate for resolution in the habeas corpus process. In dismissing his petition, the circuit court found that Conley's delivery conviction had been addressed on direct appeal and in a Rule 37 petition, and that "[a] habeas corpus proceeding does not provide a means to revisit the merits of issues that could have been addressed and settled, in the trial court, on appeal, or in a post-conviction proceeding." The circuit court concluded that Conley's allegations did not offer any evidence establishing probable cause that he is entitled to a writ of habeas corpus.
Conley suggests that because his existing judgment and commitment order continues to reflect the two dismissed possession convictions, he has alleged a jurisdictional defect that is cognizable in a habeas petition. In our Rule 37 opinion, we affirmed in part and reversed and remanded in part "with directions to dismiss the charges of possession of a controlled substance and possession of drug paraphernalia." Conley , 2014 Ark. 172, at 13, 433 S.W.3d at 243. We did not order a new sentencing hearing on the delivery charge or the entry of a new judgment. If Conley believed additional direction should have been given, he could have petitioned for rehearing rather than assuming that the mandate would have given direction that was not set forth in the opinion. Conley's argument that the issue of the "correctness of the recitations in the existing judgment did not arise until after this Court's mandate issued," is not persuasive. Our mandate did not add to or subtract from our opinion, and it was not inconsistent with the opinion in any way. Regardless, what Conley has advanced as a jurisdictional claim does not establish the circuit court's lack of subject-matter or territorial jurisdiction. See Rayford v. Kelley , 2016 Ark. 462, 507 S.W.3d 483 (per curiam) (holding that jurisdiction is the power to hear and determine the subject matter in controversy, and that a circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes); Cloird v. State , 349 Ark. 33, 76 S.W.3d 813 (2002) (per curiam) (holding that an allegation that an offense was committed outside the territorial jurisdiction of the court is cognizable in a habeas proceeding).
Conley also argues in this section that even a facially valid sentence may result in jurisdictional error when it is imposed in violation of a statutorily authorized process, or if there is a change in the law that renders a previously valid sentence invalid. However, Conley's sentence was not imposed in violation of a statutorily authorized process, and unlike the claim in Jackson , Conley's claim does not concern a statutorily authorized sentence that was later declared unconstitutional. See *121 Jackson v. Norris , 2013 Ark. 175, 426 S.W.3d 906 (remanding for resentencing of a juvenile offender after his mandatory-life-without-parole sentence was declared unconstitutional).
Conley argues in his second point that the existing judgment and commitment order is void or defective in that it continues to reflect his sentence on the two possession charges which have been dismissed. Conley asserts that the judgment contains erroneous findings regarding his delivery charge as a result of this "Court's failure to direct the trial court to conduct a re-sentencing proceeding limited to Count 1, the only count on which the jury's original verdict withstood Review in the Rule 37 appeal." Conley argues that "the trial court was not at fault in failing to order a re-sentencing hearing" and that we should correct our "procedural error in this case."
The purpose of a writ of habeas corpus is to remedy a detention of an illegal period of time. Morgan v. State , 2017 Ark. 57, 510 S.W.3d 253 (per curiam). Conley is not serving a sentence for the dismissed possession charges, and he does not argue that his sentence for the delivery charge is outside the statutory range for a habitual offender sentenced for a class Y felony. Therefore, Conley's delivery sentence is not facially invalid, and he is not being detained for an illegal period of time. See Beyard v. State , 2017 Ark. 203, 2017 WL 2378181 (stating that if a sentence is within the limits set by statute, it is legal). Conley cites no law mandating the entry of a new judgment when fewer than all of the multiple convictions were dismissed, and it is undisputed that he is not serving a sentence for either dismissed possession charge.
In his third point, Conley argues that the judgment is defective because the jury that set the sentence considered evidence not only on the delivery charge but also on the vacated possession charges. Conley cites two cases in support of this argument: Buckley v. State , 341 Ark. 864, 20 S.W.3d 331 (2000), and Taylor v. State , 354 Ark. 450, 125 S.W.3d 174 (2003). Neither is persuasive. Buckley was a direct appeal in which we held that reversible error occurred in the sentencing phase of Buckley's trial because a law-enforcement officer testified without firsthand knowledge to Buckley's prior drug activities. This type of evidentiary-error claim does not call into question the legality of the sentence or the jurisdiction of the circuit court. In Taylor , the circuit court lacked statutory authority to impose a twenty-year suspended sentence, and as a result, it lacked authority to revoke the suspension and sentence Taylor to twenty years in prison. Here, the sentence for the delivery charge was statutorily authorized, and we have said that a claim that the improper admission of evidence may have contributed to a sentence is not cognizable in a habeas proceeding. Philyaw v. Kelley , 2015 Ark. 465, 477 S.W.3d 503.
For his final point, Conley argues that his due-process rights were violated because the jury sentenced him on the delivery count while considering evidence deemed insufficient to sustain his conviction on the two dismissed possession counts. Assertions of trial error and due process claims do not implicate the facial validity of the judgment or the jurisdiction of the circuit court. Williams v. Kelley , 2017 Ark. 200, 521 S.W.3d 104. Thus, the trial court did not clearly err by denying relief on this claim.
III. Conclusion
"A habeas corpus proceeding does not afford a prisoner an opportunity to retry his case." Johnson , 2018 Ark. 42, at 3, 538 S.W.3d at 821. In essence, Conley is *122 attempting to pursue arguments now that were not made at trial and to resurrect arguments that were addressed in his Rule 37 appeal. None of Conley's arguments provide evidence of probable cause to believe that he is being illegally detained, and the circuit court did not clearly err in dismissing his petition.
Affirmed.
Hart, J., dissents.
Josephine Linker Hart, Justice, dissenting.
The circuit court clearly erred when it agreed with the State that Mr. Conley had failed to state a claim that is cognizable in an Arkansas habeas proceeding. The circuit court dismissed Mr. Conley's habeas petition without an evidentiary hearing. In its written order, the circuit court reasoned,
Habeas corpus petitions are restricted to questions of whether the petitioner is in custody pursuant to a valid conviction or whether the convicting court had proper jurisdiction. Mere allegations do not establish probable cause. A petition for a writ of habeas corpus is not a substitute for post-conviction relief. A sufficiency of the evidence challenge is not a cognizable claim in a habeas action. Petitioner's challenge to the sufficiency of the charging instrument are not jurisdictional and should have been raised prior to trial.
These findings are as curious as they are illogical. In his habeas petition, Mr. Conley had asserted three grounds for relief that may be summarized as follows: (1) he remains confined on a judgment and commitment order that has been rendered void or fundamentally defective due to the supreme court's decision in the Rule 37 case; (2) he remains confined under a sixty-year sentence that was imposed by a Jury that considered the evidence supporting the marijuana and paraphernalia counts; and (3) his continued confinement under the same judgment and commitment order, which was rendered invalid by the Arkansas Supreme Court decision and was the result of the jury considering evidence relating to the two counts that the supreme court dismissed, violates due process of law. From the foregoing, it is obvious that the circuit court's findings do not address Mr. Conley's petition.
In pertinent part, the Arkansas habeas statute states:
The writ of habeas corpus shall be granted forthwith by any of the officers enumerated in S 16-112-102(a) to any person who shall apply for the writ by petition showing, by affidavit or other evidence, probable cause to believe he or she is detained without lawful authority, is imprisoned when by law he or she is entitled to bail, or who has alleged actual innocence of the offense or offenses for which the person was convicted.
Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). The Arkansas Constitution attempts to safeguard the writ of habeas corpus stating, "The privilege of the writ of habeas corpus shall not be suspended; except by the General Assembly, in case of rebellion, insurrection or invasion, when the public safety may require it." Ark. const. art, 2 § 11. Nonetheless, our case law has narrowed the focus of the writ, as this court noted most recently in Proctor v. Kelley , 2018 Ark. 382, 562 S.W.3d 837"Unless the petitioner can show that the trial court lacked jurisdiction or that the judgment is facially invalid, there is no basis for a finding that a writ of habeas corpus should issue."
I will leave for another day a broader discussion of the dubious authority for the Arkansas Supreme Court's diminution of the writ of habeas corpus. At present, I *123 decline to speculate at what point the Arkansas Supreme Court appointed itself the General Assembly or whether there was some rebellion, insurrection, or invasion that I happened to miss. However, it is simply Orwellian to suggest that Mr. Conley's existing judgment and conviction order is not "facially invalid." It is not disputed that in light of our opinion in the Rule 37 case, Conley v. State , 2014 Ark. 172, 433 S.W.3d 234, the judgment and commitment order no longer correctly reflects the offenses for which Mr. Conley was convicted. It is an undisputable fact that the only judgment and commitment order in this case still shows that Mr. Conley was convicted of not only distribution of crack cocaine but also possession of drug paraphernalia and possession of marijuana. This leaves room for no other logical conclusion other than that the circuit court clearly erred in finding that Conley had not stated a claim that was cognizable in state habeas proceedings.
I am mindful that upon remand, the circuit court entered an order echoing our holding in the Rule 37 case, which dismissed the marijuana and paraphernalia-possession counts. However, only the judgment and commitment order and its successor the sentencing order is authorized by this court as the proper document for the final disposition of a criminal case. See Ark. Sup. Ct. Admin. Order No. 8 ("When any charge results in a commitment to the Arkansas Department of Correction or any of the following-probation, suspended imposition of sentence, commitment to Arkansas Community Correction or to the county jail, a fine, restitution, and/or court costs-the Sentencing Order shall be submitted."). Accordingly, this court, in exercising its superintending authority over circuit courts, has made mandatory the use of the sentencing order (and its direct predecessor, the judgment and commitment order). Therefore, the bit of creative writing that the circuit court drafted purporting to echo our holding in the Rule 37 case is a nullity. It is untenable to require the circuit courts of this state to execute a specific document-a judgment and commitment order-and then ignore the very rules that we have promulgated. At the very least, this court should reverse and remand this case to the circuit court to enter a substituted judgment and commitment order, consistent with our opinion in the Rule 37 case.
Regarding Mr. Conley's contention that he should have received a new sentencing hearing, arguably this court's case law that limits habeas corpus to situations in which either the trial court lacked jurisdiction or the judgment is facially invalid precludes giving Mr. Conley this relief. However, it is clear that the statutory authority for habeas corpus is much broader; it allows the writ to issue if a person is imprisoned without lawful authority. Ark. Code Ann. § 16-112-103(a)(1).
With perfect hindsight, I can see that the relief we granted in the Rule 37 case was unjust and wrong. While it may have been tempting to "split the baby," our disposition completely ignored the dynamics and realities of a trial. Simply dismissing the paraphernalia and marijuana counts was unjust to both the State and to Mr. Conley. The grant of a new trial was the proper remedy.
Our decision to simply dismiss those counts denied the State a chance to reopen the case and provide additional evidence to link Mr. Conley to the contraband. This is the very reason why we require specific directed-verdict motions before we consider challenges to the sufficiency of the evidence on direct appeal. When a specific directed-verdict motion is made at trial and the State offers no more proof, it is logical that the State has no other evidence *124 to submit. However, in Mr. Conley's case, his trial counsel failed to raise a specific directed-verdict motion, so the State was not put on notice of any deficiency in its case.
Our decision was also unjust to Mr. Conley. While he did get his ninety-year sentence reduced to sixty years, it does not diminish the fact that he nonetheless received a 60-year sentence for selling $ 100 worth of narcotics that was based at least in part on the jury's consideration of evidence of crimes that this court later dismissed. The former is a violation of the Eighth Amendment and the latter a violation of due process.
In his habeas petition, Mr. Conley quoted the following instruction that the circuit judge read to the jury at the start of the penalty phase of his trial:
Ladies and gentlemen, members of the jury, you have found Vernell Conley guilty of Delivery of a Controlled Substance Crack Cocaine, Possession of a Controlled Substance Marijuana, and Possession of Drug Paraphernalia. The law provides that after the jury returns a verdict or verdicts of guilt but before it sentences the State and the Defendant may present additional evidence to be considered by the jury in its deliberations on sentencing. In your deliberations on the sentences to be imposed you may consider both the evidence presented in the first stage of the trial where you rendered verdicts on guilt and the evidence to be presented in this part of the trial. You'll now hear evidence that you may consider in arriving at appropriate sentences.
It is virtually beyond dispute that the dismissed counts affected the jury's sentence because the circuit judge told the jury to consider the evidence in support of those counts. It is a well-established legal principle in Arkansas law that jurors are presumed to comprehend and follow court instructions. Kelly v. State , 350 Ark. 238, 85 S.W.3d 893 (2002). How much the marijuana and paraphernalia counts contributed to the jury's decision to give Mr. Conley sixty years for selling $ 100 worth of crack can never be known. I can think of no more fundamental aspect of due process than that a jury's decision be based on relevant evidence. A flawed trial process produces unjust results that go beyond the question whether the defendant "did it." The State has no interest in an excessive sentence. It is common knowledge that we spend three times more money to keep a prisoner in the penitentiary than we require our schools to spend to educate a child in a public school.
In my view, Mr. Conley is also wrongly imprisoned on a sentence that is so disproportionate as to violate the Eighth Amendment. The majority has apparently failed to recall that Jackson v. Norris , 2013 Ark. 175, 426 S.W.3d 906 ( Jackson Il ), which Mr. Conley cites, is a habeas case. It arose on remand after the Supreme Court reversed Jackson v. Norris , 2011 Ark. 49, 378 S.W.3d 103 ( Jackson I ) in Jackson v. Arkansas , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), a companion case to Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). As in the case before us, Jackson I disposed of Jackson's Eighth Amendment challenge stating, "Jackson has failed to allege or show that the original commitment was invalid on its face or that the original sentencing court lacked jurisdiction to enter the sentence. We hold that the circuit court's dismissal of the petition for writ of habeas corpus was not clearly erroneous." Jackson I , 2011 Ark. 49, at 5, 378 S.W.3d at 106. Inexplicably, this court continues to cite and rely on the same rationale that the Supreme Court of the United States has expressly rejected in habeas cases.
*125 The Supreme Court's Eighth Amendment jurisprudence has long required that the punishment for a crime "should be graduated and proportioned to [the] offense." Weems v. United States , 217 U.S. 349, 367, 30 S.Ct. 544, 54 L.Ed. 793 (1910). This proportionality analysis has been at the heart of the Supreme Court's decisions in Roper v. Simmons , 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), and Miller , 567 U.S. 460, 132 S.Ct. 2455.
The writ of habeas corpus is one of the cornerstones of Anglo-American jurisprudence. It is expressly protected by the Arkansas Constitution. Ark. Const. art. 2, § 11. As such, this common-law privilege is greater than our flawed case law, which has been overruled, albeit sub silentio, by the Supreme Court of the United States. Miller , supra. I would reverse and remand this case to the circuit court for further proceedings.
I dissent.

The circuit court also sentenced Conley for an earlier delivery charge to an additional term of eighty-four months to be served consecutively to the other three sentences. The jury did not decide that sentence and it is not at issue in this appeal.

Conley filed a previous habeas petition in Jefferson County, but that petition was dismissed when Conley transferred to a prison unit in a different county.