Cite as 2019 Ark. 220

# SUPREME COURT OF ARKANSAS
No. CV-18-684

| | |
|---|---|
| STEVEN L. MCARTHUR<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** June 20, 2019<br><br>PRO SE APPEAL FROM THE LEE COUNTY CIRCUIT COURT; PRO SE MOTION FOR DEFAULT JUDGMENT [NO. 39CV-18-14]<br><br>HONORABLE CHALK S. MITCHELL, JUDGE<br><br>AFFIRMED; MOTION DENIED. |

**KAREN R. BAKER, Associate Justice**

Appellant Steven L. McArthur brings this appeal from the denial of his pro se petition for writ of habeas corpus.[1] Also pending is McArthur's motion for default judgment. In 1991 a jury found McArthur guilty of capital murder in the death of Rodney Spence. He was sentenced to life imprisonment without parole. We affirmed. *McArthur v. State*, 309 Ark. 196, 830 S.W.2d 842 (1992).

In 2018, McArthur filed a pro se petition for a writ of habeas corpus in the county where he is incarcerated and raised the following grounds for relief: (1) that new evidence has emerged consisting of affidavits executed by his accomplice, Donald Hawley, and two alleged

---

[1]The order dismissing McArthur's habeas petition was entered April 6, 2018, and McArthur filed a motion for reconsideration on April 23, 2018. The circuit court denied the reconsideration motion on May 31, 2018, and McArthur filed a timely notice of appeal from this motion on June 15, 2018. McArthur's appeal therefore is timely pursuant to Arkansas Rule of Appellate Procedure–Criminal 2(a)(2) (2017).

witnesses to the crime; (2) that based on the information set forth in these affidavits, McArthur is actually innocent of capital murder; (3) that material evidence was withheld at his trial in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (4) that the sheriff conspired to submit false testimony and evidence; (5) that the prosecutor was guilty of misconduct for presenting false testimony at McArthur's trial; (6) that the trial court committed judicial misconduct by allowing the prosecutor to present false testimony; (7) that his trial counsel was ineffective; (8) that the trial court lacked jurisdiction due to a violation of his right to speedy trial and that the judgment of conviction for capital murder is illegal on its face because it does not include a conviction for the underlying felony of aggravated robbery; (9) that the State failed to appoint a second attorney in McArthur's capital-murder case; (10) that the prosecutor waived the death penalty without McArthur's permission; (11) that McArthur was not provided with access to a law library while he was in custody awaiting trial.[2]

The circuit court found that the habeas petition was untimely and without merit. On appeal, McArthur essentially reasserts the same grounds for relief that he raised below and which are set forth above, with the exception of his claims based on ineffective assistance of counsel, failure to appoint a second attorney, and waiver of the death penalty. Claims that are raised below but have not been reasserted on appeal are considered abandoned. *Ratliff v. Kelley*, 2018 Ark. 105, 541 S.W.3d 408.

---

[2]The majority of these claims were raised in McArthur's pro se second petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis filed in this court, including the claims of innocence with the supporting affidavits. The claims were addressed and rejected. *See McArthur v. State*, 2017 Ark. 120, 515 S.W.3d 585 (per curiam).

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Garrison v. Kelley*, 2018 Ark. 8, 534 S.W.3d 136. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.* This court may affirm a circuit court when it has reached the right decision, albeit for the wrong reason, so long as the issue was raised and a record was developed below. *Ark. State Bd. of Election Comm'rs v. Pulaski Cty. Election Comm'n*, 2014 Ark. 236, 437 S.W.3d 80. Because the circuit court did not clearly err when it found that McArthur's petition for a writ of habeas corpus was without merit, we affirm. Accordingly, McArthur's motion for default judgment is denied.

A petitioner for a writ of habeas corpus who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he or she is being illegally detained. *Garrison*, 2018 Ark. 8, 534 S.W.3d 136. A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). If a petitioner for habeas relief fails to raise a claim within the purview of a habeas action, the petitioner fails to meet his or her burden of demonstrating a basis for the writ to issue. *Edwards v. Kelley*, 2017 Ark. 254, 526 S.W.3d 825.

A habeas proceeding does not afford a prisoner an opportunity to retry his or her case, and it is not a substitute for direct appeal or postconviction relief. *Gardner v. Kelley*, 2018 Ark. 300. Habeas proceedings are not a means to challenge the sufficiency of the evidence to sustain a judgment. *Id.* Claims which could have been raised in the trial court or on direct appeal and settled there are not cognizable in habeas proceedings. *Id.* Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Id.* Accordingly, assertions of trial error and due-process claims do not implicate the facial validity of the judgment or the jurisdiction of the trial court. *Philyaw*, 2015 Ark. 465, 477 S.W.3d 503. Furthermore, we have held that claims of actual innocence are effectively challenges to the sufficiency of the evidence and are thus due-process claims that are not cognizable in habeas proceedings. *Stephenson v. Kelley*, 2018 Ark. 143, 544 S.W.3d 44. Finally, a claim of prosecutorial misconduct does not implicate the facial validity of the judgment or the jurisdiction of the trial court, and such an allegation does not support issuance of a writ of habeas corpus. *Muldrow v. Kelley*, 2018 Ark. 126, 542 S.W.3d 856.

For the reasons set forth above, the majority of McArthur's claims are not grounds for the writ because they do not implicate either the jurisdiction of the trial court or the legality of his sentence and are therefore not cognizable in habeas proceedings. Rather, the claims should have been raised at trial, on direct appeal, or in a timely postconviction proceeding. *Gardner*, 2018 Ark. 300.

McArthur raises two claims that purport to challenge the facial legality of his conviction as well as the jurisdiction of the trial court. Both are without merit. McArthur is mistaken that the judgment of conviction for capital murder is illegal because he was not convicted of the underlying felony of aggravated robbery. The face of the judgment reveals that the murder for which McArthur was convicted was committed on January 20, 1991. At the time the crime was committed, a defendant could not be convicted for both capital murder and its underlying felony.[3] *See Walker v. State*, 353 Ark. 12, 110 S.W.3d 752 (2003). Here, the face of the judgment-and-conviction order reflects that McArthur was convicted and sentenced to life imprisonment for capital murder in keeping with the law that was in effect at the time the crime was committed.[4] The sentence of life without parole for capital murder is not an illegal sentence, in that the only sentences prescribed for capital murder are either death or life imprisonment. *See* Ark. Code Ann. § 5-10-101(c) (1987). When the petitioner does not show that on the face of the commitment order there was an illegal sentence imposed, the claim does not implicate the jurisdiction of the court to hear the case, and the claim is not one that is cognizable in habeas proceedings. *Williams v. Kelley*, 2017 Ark. 200, 521 S.W.3d 104. Likewise, a violation of a defendant's right to a speedy trial does not deprive the trial court of

---

[3]Act 657 of 1995 amended the relevant statute to allow for separate convictions for both capital murder and the underlying felony.

[4]The direct-appeal record demonstrates that the trial court gave the proper instruction in accordance with AMI Crim. 1501-A, that a finding of capital murder must be based on a determination that McArthur had committed the crime of robbery and that if the crime of robbery had not been proved then McArthur could not be found guilty of capital murder. *McArthur*, 2017 Ark. 120, at 10 n.3, 515 S.W.3d at 593 n.3.

5

jurisdiction, and McArthur's allegation regarding a speedy-trial violation does not state a viable habeas claim. *Id.*

None of the claims raised by McArthur are sufficient to demonstrate that the trial court lacked jurisdiction or that the judgment of conviction was invalid on its face. As stated above, a petition for writ of habeas corpus does not provide the petitioner with the opportunity to retry his case or to challenge the sufficiency of the evidence that underpinned the conviction. *Gardner*, 2018 Ark. 300. McArthur failed to make a showing that the face of the judgment is invalid or to present evidence of probable cause to believe he is being illegally detained. *Story v. State*, 2017 Ark. 358. Because circuit courts have subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, McArthur was tried in a court of competent jurisdiction. *Love v. Kelley*, 2018 Ark. 206, 548 S.W.3d 145. Finally, McArthur alleges on appeal that the circuit court erred in not holding a hearing on his habeas petition. Our statutory scheme does not mandate a hearing on a habeas petition, and a hearing is not required when probable cause for issuance of the writ is not shown. *Collier v. Kelley*, 2018 Ark. 170.

Affirmed; motion denied.

HART, J., dissents.

JOSEPHINE LINKER HART, Justice, dissenting. The majority has improperly construed the Arkansas habeas statute. It states in pertinent part:

> (a)(1) The writ of habeas corpus shall be granted forthwith by any of the officers enumerated in § 16-112-102(a) to any person who shall apply for the writ by petition showing, by affidavit or other evidence, probable cause to believe he or she is detained without lawful authority, is imprisoned when by law he or she is entitled to bail, or who

has alleged actual innocence of the offense or offenses for which the person was convicted.

Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). The statute does not limit the writ to "facial invalidity of the judgment or the lack of jurisdiction by the trial court." The plain language of our habeas statute *does* expressly contemplate an allegation of "actual innocence" without resort to Act 1780 of 2001, codified at Arkansas Code Annotated section 16-112-201. Many of Mr. McArthur's claims could constitute imprisonment without lawful authority.

I also must note that the majority is correct when it states that "the majority of these claims were raised in McArthur's pro se second petition to reinvest jurisdiction in the trial court to consider a petition for a writ of error coram nobis filed in this court, including the claims of innocence with the supporting affidavits." However, the majority is not quite accurate when it asserts that "[t]he claims were addressed and rejected." In reality, the court merely stated that the claims did not fall within this court's judge-made narrow definition of which situations are eligible for coram nobis relief. After denying Mr. McArthur's ineffective assistance of counsel claim for that reason, the court stated:

> McArthur's remaining claims include the following: that he was discriminated against because a second attorney had not been appointed to represent him in a capital case; that he was convicted of capital murder without being found guilty of the underlying felony; that he has been denied due process because there is no remedy in the State of Arkansas for an inmate who discovers new evidence after conviction that is not scientific in nature; and that he had been precluded from assisting his attorney in a meaningful way due to his being denied access to a *McArthur v. State*, 2017 Ark. 120, 515 S.W.3d 585. law library while in custody. *These claims for relief are not cognizable in coram nobis proceedings*

(Emphasis supplied.) *McArthur v. State*, 2017 Ark. 120, 515 S.W.3d 585. In truth, the majority of Mr. McArthur's claims await true resolution on the merits—not the application of a procedural bar. Therefore, I must dissent.

7

*Steven L. McArthur*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by:  *Adam Jackson*, Ass't Att'y Gen., for appellee.