Cite as 2020 Ark. 26

# SUPREME COURT OF ARKANSAS

No. CV-19-99

| | |
|---|---|
| THOMAS CROCKETT<br><br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><br>APPELLEE | Opinion Delivered: January 23, 2020<br><br>PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35CV-18-979]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br>AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Thomas Crockett appeals the circuit court order denying his habeas corpus petition. His petition challenged a 1983 Phillips County Circuit Court judgment reflecting Crockett's guilty plea to a charge of first-degree murder and the life sentence imposed. Because Crockett demonstrates no clear error by the circuit court, we affirm.

Crockett previously challenged the same judgment in the trial court and raised claims of ineffective assistance of counsel in proceedings under Arkansas Rule of Criminal Procedure 37 (1984). This court affirmed the denial of relief. *Crockett v. State*, 282 Ark. 582, 669 S.W.2d 896 (1984). Crockett alleges that he was actually innocent of the charge because he had been unaware when he entered his plea that "he had a viable defense of justification." In his supporting brief, Crockett contends that trial counsel was ineffective for failing to investigate and develop a justification defense because the victim had been a

convicted felon, served time for murder, and was known to carry a weapon.[1] Crockett further asserts that his claims are of constitutional magnitude and that procedural and substantive due process demand habeas relief because there is no other adequate relief.

On appeal, Crockett acknowledges there is no caselaw supporting his argument. In his first point, he contends this court should overturn precedent and hold that actual-innocence claims not based on scientific evidence should be categorized as due-process violations that render the judgment facially invalid. In his second point, he asserts that ineffective-assistance-of-counsel claims, despite precedent to the contrary, should also render the judgment facially invalid because to do otherwise is manifestly unjust.

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.* A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Id.* Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Id.* If a petitioner for habeas relief fails to raise a claim within the purview of a habeas action, the petitioner fails to meet his or her burden of demonstrating a basis for the writ to issue. *Id.*

---

[1]This court noted in its opinion affirming the denial of postconviction relief under Rule 37 that Crockett admitted he had killed and robbed the victim. *Crockett*, 282 Ark. 582, 669 S.W.2d 896.

2

It is well settled that habeas proceedings are not a means to challenge the sufficiency of the evidence in a case, and a habeas action does not afford a petitioner the opportunity to retry his or her case. *Jones v. State*, 2019 Ark. 12, 565 S.W.3d 100. A habeas proceeding is not a substitute for either direct appeal or for postconviction relief. *McArthur*, 2019 Ark. 220, 577 S.W.3d 385. This court recently considered and rejected the arguments Crockett makes to broaden the scope of the writ to go beyond examining the face of the judgment to determine whether the writ should issue. *See Stephenson v. Kelley*, 2018 Ark. 143, 544 S.W.3d 44. We once again decline to overturn precedent. Habeas is simply not an avenue for a defendant to retry his or her case or to reconsider the decision to enter a guilty plea. As we noted in *Stephenson*, the legislature has declined all opportunities to amend the habeas statute; therefore, this court's long-standing interpretation of the statute is the law.

Ineffective-assistance-of-counsel claims likewise are not cognizable in habeas corpus proceedings. *Bell v. Gibson*, 2019 Ark. 127. When a convicted defendant desires to challenge a guilty plea after entry of judgment on the ineffective-assistance-of-counsel ground, his or her remedy is to timely file a Rule 37 petition for postconviction relief. *Id.* Thus, Crockett has failed to demonstrate any error in the order denying his habeas petition.

Affirmed.

HART, J., concurs.

**JOSEPHINE LINKER HART, Justice, concurring.** I agree that Mr. Crockett has not stated a claim for habeas relief. However, the majority is wrong when it states that this

3

court's caselaw can narrow the grounds for the issuance of a writ of habeas corpus to situations where a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause.

First, this reasoning is illogical. I agree that these situations would certainly allow for issuance of a writ. However, it is a logical fallacy to extrapolate these facts and conclude that they are the only reasons why a writ of habeas corpus should issue. Let me illustrate this logical fallacy with an example:

> Shawn Womack lives in northern Arkansas and serves on the Arkansas Supreme Court. Robin Wynne lives in southern Arkansas and serves on the Arkansas Supreme Court. Rhonda Wood lives in neither northern Arkansas nor southern Arkansas; therefore, she cannot serve on the Arkansas Supreme Court.

One must be a resident of Arkansas to serve on the Arkansas Supreme Court. This requirement is satisfied by living anywhere in the state. Therefore, extrapolating that a justice must live in either northern Arkansas or southern Arkansas because those are the residences of current members of the court is invalid. Likewise, it is logically invalid to note that this court has granted habeas relief to individuals who have been illegally detained because a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause and assert that those are the only two situations in which habeas relief is appropriate.

Second, the right to habeas corpus cannot be legitimately diminished by this court's caselaw. State limitations on habeas cannot diminish a federal constitutional right. *Walker v. Martin*, 562 U.S. 307 (2011); *see Jackson v. Arkansas*, 567 U.S. 460 (2012) (reversing

4

*Jackson v. Norris*, 2011 Ark. 49, 378 S.W.3d 103, and holding that our capital-murder statute violated the Eighth Amendment).

Third, caselaw that denies an illegally detained person the right to habeas corpus is proscribed by the Arkansas Constitution. Our constitution states: "The privilege of the writ of habeas corpus shall not be suspended, except by the General Assembly, in case of rebellion, insurrection or invasion, when the public safety may require it." Ark. Const. art. 2, § 11. While expedient, caselaw that does not follow the constitution will ultimately not survive the tenure of the temporarily powerful.

I concur.

*Thomas Crockett*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.