Cite as 2020 Ark. 79

# SUPREME COURT OF ARKANSAS

No. CV-18-916

|  |  |
|---|---|
| STEVEN CHRISTOPHER HAYES<br><br>                                    APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br><br>                                    APPELLEE | **Opinion Delivered:** February 20, 2020<br><br>PRO SE APPEAL FROM THE HOT<br>SPRING COUNTY CIRCUIT COURT;<br>PRO SE MOTIONS FOR EXTENSION<br>OF BRIEF TIME, TO SUPPLEMENT<br>THE RECORD, AND TO FILE<br>SUPPLEMENTAL ADDENDUM AND<br>SUBSTITUTED BRIEF<br>[NO. 30CV-18-166]<br><br>HONORABLE CHRIS E WILLIAMS,<br>JUDGE<br><br>AFFIRMED; MOTIONS MOOT. |

**RHONDA K. WOOD, Associate Justice**

Steven Christopher Hayes appeals from an order denying his habeas-corpus petition filed pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). Hayes contends the circuit court lacked subject-matter jurisdiction to accept his guilty plea before an ordered mental evaluation was filed. We hold that the circuit court retained jurisdiction while the mental evaluation was pending; therefore, Hayes did not state a ground for the writ. We affirm and find that his pro se motions for extension of time to file a reply brief, to supplement the record, to supplement the addendum, and to file a substitute brief-in-chief are moot.

At the time of the trial court proceedings on his criminal charges, Hayes requested a mental evaluation pursuant to Arkansas Code Annotated section 5-2-205. (Supp. 2013). The circuit court granted the request on November 10, 2014. However, on December 10, 2014, Hayes withdrew the request and pled guilty to four counts of first-degree sexual assault. He was sentenced to 336 months of imprisonment on each count. On December 11, 2014, the forensic evaluation was submitted to the court with a finding that Hayes was competent and fit to proceed. The sentencing order was filed December 16, 2014.

In April 2018, Hayes filed a petition for writ of habeas corpus. The petition was denied by a written order. Hayes's sole argument[1] on appeal is that once the circuit court ordered a mental evaluation in his criminal proceedings, the court lacked the "authority or jurisdiction" to further proceed with his case until it received the examination report.

A decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id*. A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Id*. Jurisdiction

---

[1]Hayes also argues that he was coerced to plead guilty by detention-center supervisors and his trial attorney. These claims are raised for the first time on appeal, and this court has repeatedly stated that it will not address arguments, even constitutional arguments, raised for the first time on appeal. *Rasul v. State*, 2015 Ark. 118, 458 S.W.3d 722; *see Darrough v. Kelley*, 2017 Ark. 314, 530 S.W.3d 332.

is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Russell v. Kelley*, 2019 Ark. 278, 585 S.W.3d 658.

If a petitioner for habeas relief fails to raise a claim within the purview of a habeas action, the petitioner fails to meet his or her burden of demonstrating a basis for the writ to issue. *McArthur*, *supra*. A habeas proceeding does not afford a prisoner an opportunity to retry his case. *Johnson v. State*, 2018 Ark. 42, 538 S.W.3d 819. Claims of error by the circuit court that accepted a guilty plea are not within the purview of the remedy because the writ will not be issued to correct errors or irregularities that occurred in a guilty-plea proceeding. *Id.*; *Barber v. Kelley*, 2017 Ark. 214, at 4–5. Unless a habeas petitioner can demonstrate that a sentence is illegal on the face of the commitment order, there is no showing that the trial court lacked jurisdiction to impose the sentence. *See Edwards v. Kelley*, 2017 Ark. 254, 526 S.W.3d 825.

Hayes's claim that the circuit court lacked subject-matter jurisdiction is one that falls within the scope of habeas. However, the circuit court was vested with subject-matter jurisdiction of the criminal matter, and Hayes's claim that the circuit court was divested of jurisdiction due to the lack of a forensic report at the time of the proceeding fails. *See Mauppin v. State*, 309 Ark. 235, 244, 831 S.W.2d 104, 108 (1992) (explaining that the "circuit court never lost jurisdiction" during the periods of evaluation proceedings). An error in a plea proceeding is not a jurisdictional defect. *Johnson v. Kelley*, 2019 Ark. 230,

577 S.W.3d 710; *Johnson*, 2018 Ark. 42, 538 S.W.3d 819. Hayes's argument does not demonstrate that the circuit court lacked subject-matter jurisdiction to continue to preside over his case. Hayes's argument is instead a claim of trial error that does not affect the circuit court's jurisdiction.[2] *See Mitchell*, 2018 Ark. 331.

Additionally, Hayes withdrew his motion for a mental evaluation. He did all of this with assistance of counsel. The circuit court took measures to ensure that Hayes was able to understand the proceedings prior to accepting Hayes's guilty plea. Hayes's acceptance of a guilty plea is therefore not within the purview of the habeas remedy because the writ will not be issued for a defendant to reconsider the decision to plead guilty. *Crockett v. Kelley*, 2020 Ark. 26. Inasmuch as Hayes failed to state a basis on which the writ could issue, the circuit court hearing his habeas petition did not err by denying relief.

Affirmed; motions moot.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent to this court deciding this case on the merits without first deciding the motions that Mr. Hayes has filed. Due

---

[2]Hayes additionally cites *Sandoval-Vega* to support his argument; however, that was an ineffective-assistance-of-counsel appeal under Arkansas Rule of Criminal Procedure 37. *See Sandoval-Vega v. State*, 2011 Ark. 393, 384 S.W.3d 508. In *Sandoval-Vega*, the defendant's mental competency was raised at trial. *Id.* at 6, 384 S.W.3d at 513. The trial court ordered a mental evaluation, but the defendant pled guilty prior to the court receiving the report. *Id.* at 7–8, 384 S.W.3d at 514. We noted that the sentence could be considered illegal but "it was . . . not void unless appellant was not competent to enter his plea." *Sandoval-Vega*, 2011 Ark. 393, at 8, 384 S.W.3d 508, 514. We also stated that the trial court did "not entirely lose subject-matter jurisdiction." *Id.*

4

process requires that we dispose of all motions prior to taking this case under submission. *See Mister v. Kelley*, 2019 Ark. 187, 575 S.W.3d 410 (Hart, J., dissenting).

It is instructive to note the substance of Mr. Hayes's motions. His motion to supplement the record, filed on October 11, 2019, is a motion to include a certified transcript of his plea hearing.[3] Mr. Hayes's motion to file a substituted brief and addendum, filed on November 13, 2019, is grounded in his uncontested assertion that he suffers from mental illness and recently changed medication that enables him to better defend himself in his brief. In my view, Mr. Hayes has demonstrated compelling good cause to grant his motion.

The majority also errs in applying its unlawfully narrowed conception of the cognizable grounds for habeas corpus. The majority again asserts that the great writ can only issue when "when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause." However, in Mr. Hayes's case, his petition actually asserts that the circuit court lacked jurisdiction to accept his guilty plea. Mr. Hayes is correct.

On November 10, 2014, the Saline County Circuit Court entered an order for a criminal responsibility examination. The order recited that Mr. Hayes had properly filed notice of his intent to "rely on the defense of mental disease or defect." Prior to its repeal and replacement by Act 472 of 2017, a request by a criminal defendant for a mental

---

[3]Interestingly, the transcript reflects that the so-called "factual basis" for first-degree sexual assault was not established by Mr. Hayes's allocution.

evaluation was governed by Arkansas Code Annotated section 5-2-305. It stated in pertinent part:

5-2-305. Mental health examination of defendant.

(a)(1) Subject to the provisions of **§§** 5-2-304 and 5-2-311, the court shall immediately suspend any further proceedings in a prosecution if:
(A)(i) A defendant charged in circuit court files notice that he or she intends to rely upon the defense of mental disease or defect.

Accordingly, under section 5-2-305, the circuit court was required to "immediately suspend any *further* proceedings." I am mindful––only because I read the certified transcript that the majority refused to make part of the record––that Mr. Hayes's trial counsel went back to court on December 10, 2014. However, as the majority notes, that was before the mental examination was complete. Under the plain wording of section 5-2-305, the circuit court did not have the authority to conduct the plea hearing on December 10, 2014. It is so well settled as to be axiomatic that jurisdiction is the power or authority of the court to act. *Ward v. Hutchinson*, 2018 Ark. 270, 555 S.W.3d 866. The circuit court simply did not have the power or authority to conduct a proceeding prior to the return of the mental evaluation. Thus, even under the majority's unlawfully too-narrow conception of the basis for habeas relief, the circuit court erred in denying Mr. Hayes's habeas petition.

I dissent.

*Steven Christopher Hayes*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.

6