Cite as 2020 Ark. 199

# SUPREME COURT OF ARKANSAS

**No.** CR-19-150

|  |  |
|---|---|
| MARK WILLIAMS | **Opinion Delivered** May 21, 2020 |
| APPELLANT | |
| | PRO SE APPEAL FROM THE |
| V. | CHICOT COUNTY CIRCUIT |
| | COURT |
| STATE OF ARKANSAS | [NO. 09CR-07-60] |
| APPELLEE | |
| | HONORABLE STEVEN R. PORCH, |
| | JUDGE |
| | |
| | AFFIRMED. |

**JOHN DAN KEMP, Chief Justice**

Appellant Mark Williams appeals an order of the Chicot County Circuit Court dismissing his pro se petition for writ of habeas corpus. On appeal, he argues that his guilty-plea hearing was held in Desha County and that the court in that county lacked jurisdiction over him. Because Williams does not demonstrate clear error in the denial of relief, we affirm.

## I. *Facts*

On August 30, 2018, Williams filed the habeas petition in the Chicot County Circuit Court challenging a 2008 judgment entered in that court that reflected Williams's conviction for rape. Williams was also incarcerated in Chicot County, and although the petition referred to the statutes that codify Act 1780 of 2001 Acts of Arkansas, as amended by Act 2250 of 2005, and was filed in Williams's criminal case, Williams identified no scientific evidence to be subjected to testing. Instead, Williams alleged in the habeas petition that he had entered

his plea in Desha County and that the court in that county lacked jurisdiction to conduct the plea hearing.

## II. *Writ of Habeas Corpus*

Arkansas Code Annotated section 16-112-201 (Repl. 2016) provides that petitions under Act 1780 are to be brought in the court in which the petitioner's convictions were entered, but any petition for writ of habeas corpus to effect the release of a prisoner, other than one proceeding under Act 1780, is properly addressed to the circuit court in which the prisoner is held in custody. *Gardner v. Kelley*, 2018 Ark. 300 (citing *Dunahue v. Kelley*, 2018 Ark. 4, 534 S.W.3d 140). Here, the petition was filed in the correct court for Williams's claims under Act 1780 and his claims pursuant to Arkansas Code Annotated sections 16-112-101 to –123 (Repl. 2016).

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id*. It is not clear from the order denying relief whether the circuit court treated the petition as one under Act 1780, one under Arkansas Code Annotated section 16-112-101, or one for both proceedings because the order simply states that the "Habeas Corpus Petition is completely without merit."

Williams's habeas petition identified no scientific evidence for testing that would support a claim for relief under Act 1780, so the denial of the petition as one under the Act was well supported. *See Porter v. State*, 2018 Ark. 22. A petitioner for a writ of habeas corpus

who does not allege his or her actual innocence and proceed under Act 1780 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the circuit court and make a showing, by affidavit or other evidence, of probable cause to believe that he or she is being illegally detained. *McArthur*, 2019 Ark. 220, 577 S.W.3d 385.

Williams alleged that a jurisdictional violation occurred because he entered his plea in Desha County and not in Chicot County, where the crime was committed and the judgment was entered. The State asserts in its brief that the circuit court correctly found that Williams's habeas claim is not meritorious, but the State also alleges that regardless of whether the claim was meritorious, the denial of relief was justified because Williams failed to demonstrate probable cause to issue the writ in that he did not attach a copy of the judgment to his habeas petition. The State appears to assume that the circuit court treated the petition as one under Arkansas Code Annotated sections 16-112-101 to –123 and contends that the denial of the petition was justified because the judgment was not before the circuit court when it considered the habeas petition. In his reply brief, Williams alleges that the judgment was before the circuit court because it was entered of record in the criminal proceedings and that a transcript of the plea proceedings was also included in documents filed in the proceedings on his petition for writ of error coram nobis. Here, the habeas petition was filed in Williams's criminal case, and the circuit court could have considered the existing record in making its decision.

It is true that the writ cannot issue—even when the allegations in the petition demonstrate a basis for the writ—until the presiding court makes a finding of probable cause. *Hobbs v. Hodge*, 2015 Ark. 207, 461 S.W.3d 704. In addition, this court may address

questions of subject-matter jurisdiction at any time. *Rainer v. State*, 2019 Ark. 42, 566 S.W.3d 462. This court is obliged to raise an issue of whether the circuit court's order was null and void because the actions taken were without jurisdiction. *Friar v. State*, 2018 Ark. 276; *see also Hallman v. State*, 2018 Ark. 336, 561 S.W.3d 305. Because Williams's claims present issues of local jurisdiction that may be waived and thus concern whether the judgment was voidable rather than void, we need not consider whether the record before this court should be supplemented. *See Bell v. State*, 2017 Ark. 231, at 5, 522 S.W.3d 788, 790 (citing *Cantrell v. State*, 2009 Ark. 456, 343 S.W.3d 591, for the proposition that allegations based on trial error rather than a lack of authority must be raised in the circuit court). Williams's lack-of-jurisdiction claim, even with the documentation he contends supports it, was not a meritorious one that would support issuance of the writ or trigger a sua sponte review in this court.

Claims that an offense was committed outside the territorial jurisdiction of a court are cognizable in habeas proceedings. *Conley v. Kelley*, 2019 Ark. 23, 566 S.W.3d 116. In Arkansas, jurisdiction is statutory. The applicable version of Arkansas Code Annotated section 16-88-105 states that "[t]he local jurisdiction of circuit courts and justices' courts shall be of offenses committed within the respective counties in which they are held." Ark. Code Ann. § 16-88-105 (Repl. 2005). A circuit judge, however, has the authority to preside over proceedings in any courtroom, in any county, within the judicial district for which that judge was elected. *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994); *see also Lee v. State*, 2017 Ark. 337, 532 S.W.3d 43. Venue may be waived by a defendant who voluntarily participates with counsel in a guilty plea and sentencing; that is, a defendant may waive a

4

venue objection in a criminal case within the territorial boundaries of the judicial district. *Davis*, 316 Ark. 575, 873 S.W.2d 524.

In his habeas petition, Williams made only a conclusory statement that the court in Desha County did not have jurisdiction. He did not assert that the court's location is outside the judicial district, nor did he address whether he had waived venue. If the circuit court had available to it the transcript of the plea hearing conducted in Desha County that Williams includes in his brief, that document would not have supported his claim that the court in Desha County lacked territorial jurisdiction. The transcript that Williams contends was available shows that the plea proceedings were held in Desha County, which is in the same judicial district as Chicot County, and it also indicates Williams willingly participated and specifically waived his right to have the proceedings, which were clearly identified as a Chicot County Circuit Court case, conducted in Chicot County.

Venue is a question of local jurisdiction, not subject-matter jurisdiction and, unlike true questions of subject-matter jurisdiction, may be waived. *Id.* Local jurisdiction deals with where an offense is to be tried and not with whether the state lacks the basic authority to apply its law to the events in question. *See State v. Osborn*, 345 Ark. 196, 45 S.W.3d 373 (2001). Williams's petition, even when considered along with the documents he contends support it, did not set out facts that would support a meritorious claim for relief, and the circuit court's findings to that effect were not clearly erroneous.

Affirmed.

*Mark A. Williams*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.

5